LAND, J.
This is a suit for damages grounded on the alleged unlawful and malicious arrest and incarceration of two minor sons of the plaintiff, without a warrant, at the instant of the defendant.
The petition alleges that the only pretext for such arrest was that said children with a number of others had carried away a few pieces of old and decayed boards from an abandoned shanty, which was being demolished by the defendant. The petition further alleges that the plaintiff offered to restore said boards, besides paying any value that defendant might place on them, at the same time protesting that the children were innocent of the violation of any law or ordinnance, and had acted under the belief that they were at liberty to take the boards, since the men, women, and children of the neighborhood were doing the same thing. The petition further alleges that on the next day the defendant made an affidavit charging said two children and others with malicious mischief, and subsequently threatened to charge them with larceny if a monied settlement was not made, and that finally his children were tried and acquitted.
It is alleged that the boys, aged 13 and 11 years respectively, were arrested by a police officer and placed in a patrol wagon in the presence of their mother, “who was so shocked and affected thereby that she became ill as the result and suffered both bodily and mental pain and anguish from the time of said arrest until the 7th of March, following, when petitioner was compelled to remove' her to the Louisiana Retreat, where she continued to suffer, and where on the 18th day of March she died of a hemmorhage of the brain after seven weeks of the most excruciating bodily pain and mental anguish.”
The petition further alleges that, at the time of the arrest, the wife and mother was in perfect health, and that the shock then received by her and her subsequent suffering and death were the direct result of the unlawful, and malicious acts of the defendant.
The petition alleges damages to the husband in the sum of $10,000 and to his nine children in the sum of $10,000, occasioned by the death of the wife and mother.
The petition further alleges damages to the children as heirs of the mother, in the sum of $5,000 for bodily pain and mental anguish by her suffered.
The petition further alleges .damages to the husband in the sum of $500 for medical and funeral expenses. The petition finally alleges that petitioner was entitled to recover the sum of $2,500 as exemplary damages for *1090 the wanton and malicious acts of the defendant.
Plaintiff’s petition was dismissed on an exception of no cause of- action, and he has appealed.
On the face of the petition the two -minor sons of the plaintiff were the parties injured. The mother was a third person, and if she had lived could not have recovered for mental distress and shock. This very question-was decided in Black v. Carrollton Railroad Company, 10 La. Ann. 33, 63 Am. Dec. 586, in well-considered opinions, in which all the justices agreed that a father could not recover damages for mental shock and anguish caused by the mutilation of his minor son in a' railroad accident. Slidell, C. J., dissenting on another point, concurred in the opinion of the court that the father could not recover damages for mental suffering, and, after stating the general rule that actions for injury to the person are personal, said: ■
“Moreover, let us bear in mind the difficulty which would result from recognizing the mental suffering of the third party as an element of damages. Where is any but arbitrary limit to be found in extending its benefit? Could an action for damages on that ground, if allowed to the father, be refused to the mother, the brother, the sister?”
The general jurisprudence on the same subject is thus stated:
“As a general rule, the right of recovery for mental suffering resulting from bpdily injuries is restricted to the person who has suffered the bodily hurt. Mental distress caused by sympathy for another’s suffering is not a recoverable element of damages. A parent cannot recover for mental distress and anxiety on account of physical injuries to a child, nor can a parent recover damages for anxiety for the safety of his or her child placed in peril by the negligence of another.
“Similarly it has been held that a husband’s mental suffering caused by his wife’s condition cannot be shown to increase the amount of damages.” 8 Am. & Eng. Ency. Law (2d Ed.) p. 664.
Hence, we are of opinion that the petition discloses no cause of action, in so far as damages are claimed for the consequences of the mental shock suffered by the mother.
The petition, however, discloses a cause of action for exemplary damages in favor of the two minor children, who were arrested and prosecuted for malicious mischief. Under the allegations the arrest was unlawful and the prosecution was malicious.
It is therefore ordered, adjudged, and decreed tííat the judgment appealed from be reversed as to the minors, Lawrence and Alexander Sperier, and it is now ordered that, as to the demand of said minors for exemplary damages, the exception of no cause of action be overruled, and this cause be remanded for further proceedings according .to law, and it is further ordered that, as thus amended the judgment appealed from be affirmed; costs of appeal to be paid by the defendant and appellee.
NICHOLLS, X, absent.