BARRERE, Appellant, v. SCHUBER

---

(July 19, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

**1. Louisiana Digest—Damages—Par. 41.**

A mother cannot recover damages for her mental suffering and anxiety arising from injury to her son.

2. **Louisiana  Digest — Automobiles — Par. 7 (c).**

A child eight years old who suddenly dashes across a street in the path of an automobile and is knocked down and injured is guilty of negligence and cannot recover damages.

Appeal from Civil District Court. Hon. Porter Parker, Judge.

Action by Widow Albert Barrere against F. J. Schuber.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Eraste Vidrine, of New Orleans, attorney for plaintiff, appellant.

Wm. F. Conkerton, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.   This is a suit for injuries caused by an automobile.

The plaintiff alleged that on September 16, 1922, at about 5:30 p. m., her son aged eight years was playing on Baronne street on the right side near Erato street; that her son perceived the automobile running up Baronne street on the right hand side, also; he ran across from the woods side of Baronne street, but the automobile, turning to the left, struck him from the back while he was about in the middle of the street and threw him down and passed over him; that he sustained severe. contusions of the head, legs, and body, and was confined for one week in the Presbyterian hospital and in his house for more than a week; that the hospital bill was $20, the doctor's bill $25 and pain and suffering $500; that the child's mother was running a rooming house; that on account of absence from her house she lost the opportunity of renting two rooms at five dollars per week for six weeks or

$60; that for nursing her child and for her worry and anxiety she is entitled to recover $250; that the acicdent was caused by the negligence of the defendant.

She claims $545 for the child and $310 for herself.

The defendant excepted that plaintiff's petition for herself disclosed no cause of action.

The exception was maintained.

The defendant denied all the allegations of the plaintiff on behalf of the minor and further alleged "that the accident herein alleged was due to no fault or want of care on the part of your respondent but was caused exclusively by the want of care on the part of said minor Albert Barrere, Jr., the plaintiff herein".

There was judgment for defendant and plaintiff has appealed.

Three witnesses testify as to how the accident happened: the injured minor himself, James Gordon, aged 11, and Oswald Molere, age 15.   There is no conflict in their testimony.   Six or seven boys were playing "cops and robbers" on the wood side sidewalk of Baronne street between Clio and Erato streets, near Erato street. The game is thus described by Molere: "The robbers would go out, and the cops would go behind them and catch them, and we would put them in the yard, and that was supposed to be the jail."

Gordon and Molere were holding the minor by the hand, when he jerked away from them and dashed across the street; just then defendant's automobile came up the center of Baronne street.   The minor testifies:   "When I ran in the street, and he hit me, he hit me on the hip, and I fell down and hit my head, he hit me sideways."

Gordon says the automobile was half way across the street and the fender hit the boy.

Molere did not see the automobile hit the boy; but when he turned around he saw the boy under the automobile, and when he raised his head the back axle hit him on the head; the automobile stopped at about its own length.

We fail to see that the defendant was guilty or any fault or negligence. On the other hand we are satisfied that the minor brought the accident upon himself by dashing across the path of the automobile and against it and causing himself to be thrown down and injured. Montford vs. Schmidt, 36 A. 750; Campbell vs. New Orleans City Ry. Co., 104 La. 183, 28 South. 985; Downey vs. Baton Rouge Elec. & Gas Co., 122 La. 481, 47 South. 837; Cusimano vs. City of New Orleans, 123 La. 574, 49 South. 195; Legendre vs. Consumers Seltzer & Mineral Water Co., 147 La. 120, 84 South. 517; No. 10,261 Orl. App. July 5, 1926.

The mother's claim for damages for her mental suffering and anxiety arising from the injury to her son is not recognized by law. Pattison vs. Gulf Bag Co., 116 La. 963, 41 South. 224; Sperier vs. Ott, 116 La. 1087, 41 South. 323; Brinkman vs. St. Landry Cotton Oil Co., 118 La. 835, 43 South. 458.