No. ——

First Circuit

ALSTON v. COOLEY

(January 7, 1927. Opinion and Decree.)
(February 12, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Automobiles, Par. 4 (d).**

One driving in the center of a road at night with one headlight burning is violating the law and is negligent.

2. **Louisiana Digest—Automobiles—Par. 4, 4 (a).**

One driving at a reasonable speed on the right-hand side of the road at night is not negligent if his headlights blinded the driver of another car, the collision resulting not being due to that circumstance.

3. **Louisiana Digest—Damages—Par. 41.**

Mental anguish of one person for the sufferings of another person is not actionable, the right to damages is personal to the latter.
(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of Beauregard. Hon. Thos. F. Porter, Judge.

Action by Nathan A. Alston against W. I. Cooley.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Ped C. Kay, of DeRidder, attorney for plaintiff, appellant.

Elmer L. Stewart, of DeRidder, attorney for defendant, appellee.

LECHE, J. Plaintiff appeals from a judgment refusing his demand for damage

arising out of an automobile colllision.

Plaintiff was driving a Ford roadster in which were his; wife and his little boy, going along the public highway from Longville to DeRidder, and defendant was driving a Ford sedan in which was his wife, when the two automobiles collided. Plaintiff's roadster was capsized, he, his wife and little boy were pinned under the car, and defendant's sedan was somewhat damaged but remained upright on the road and the occupants escaped injury. Plaintiff's boy had both of his legs broken and his wife was also injured, but not so seriously. The roadster was badly damaged.

The question in the case is by whose negligence was the collision caused.

Our learned brother of the District Court found that both parties were at fault and rejected plaintiff's demand.

The accident occurred the latter part of October, 1925, between 6:30 and 7 o'clock in the evening. The left front hub caps of the two automobiles came in contact, that on defendant's automobile passing under that of the plaintiff's. Defendant's wheel then veered under the fender and running board of plaintiff's roadster, causing the latter to turn over.

Defendant was running in the center of the road with only one headlight. In both of these particulars he was at fault, violating the rule of the road in the first instance and violating the law of the state in the second instance. Plaintiff was on the right side of the road where he had a right to be; he was running at the very reasonable speed of 15 to 20 miles an hour, and if his headlights blinded or inconvenienced defendant, as claimed by the latter, he had no knowledge of the fact, and it was, in our opinion, defendant's duty to steer to the right and stop. It is our belief that the collision was due entirely to the fault and negligence of defendant.

The proved damages suffered by plaintiff are seventy-five dollars, for physician's fees, twenty dollars for the administration of anaesthetics, and sixty-four dollars sanitarium charges for the treatment of his little boy; ninety-three and 67-100 dollars for repairs to his roadster and eighty-eight and 74-100 dollars, time lost for absence from his work in attending to the boy's treatment, amounting altogether to three hundred and forty-one and 41-100 dollars. Plaintiff is entitled to judgment in this amount, but he is not entitled to recover for the sufferings of his wife and boy. The menal anguish of one person for the sufferings of another person is not actionable; the right to damages is personal to the latter. Kaufman vs. Clark, 141 La. 320, 75 South. 65; Brinkman vs. St. Landry Cotton Oil Co., 118 La. 846, 43 South. 458; Sperier vs. Ott, 116 La. 1087, 41 South. 323.

For these reasons the judgment appealed from is avoided and reversed, and it is now ordered that plaintiff have judgment against and recover of defendant three hundred and forty-one and 41-100 dollars, with legal interest thereon from October 17, 1925, together with all costs of this suit.