176 So.2d 667 (1965)
Linton Antoine DUET
v.
John J. CHERAMIE.
No. 6392.
Court of Appeal of Louisiana, First Circuit.
May 24, 1965.
Rehearing Denied July 1, 1965.
*668 Robert N. Ryan, of Bienvenu & Culver, New Orleans, for appellant.
Edward T. Diaz, Golden Meadow, Frank J. Stich, Jr., of Sessions, Fishman, Rosenson & Snellings, New Orleans, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID, and BAILES, JJ.
REID, Judge.
This is a suit for personal injury alleged to have been received in an accident which occurred on July 5, 1960 at about 9:30 A.M. in clear weather on Louisiana Highway No. 1 a short distance from Cut Off Bridge in Lafourche Parish, Louisiana.
Plaintiff received no direct personal injuries, but his claim represents a nervous shock, traumatic neurosis which caused violent nervous attacks, nausea, vomiting and upper abdominal pain with reaction persistent to the date of the trial and required plaintiff to be under sedation and neuro-psychiatric treatment.
Plaintiff also seeks $400.00 damage to his automobile and his total claim, including personal injuries, amounts to $30,000.00.
Defendant filed an answer denying the allegations of plaintiff's petition but pleading contributory negligence in that plaintiff failed to maintain a proper lookout, failed to maintain proper control of his vehicle, and operating his vehicle in a careless and reckless manner.
The Judge of the Lower Court with written reasons for judgment awarded plaintiff $2500.00 for mental anguish and worry; $391.64 for damages to his automobile, and $389.35 for special items of damages that have been proven, for a total judgment of $3280.99. He also awarded expert witness fees to Dr. John LeBlanc and Dr. Conrad Wall in the amount of $100.00 each and taxed them as costs.
Defendant has appealed herein from this judgment. Plaintiff answered the appeal and seeks an increase in the damages for personal injury, pain and suffering, and mental anxiety in the amount of $12,500.00 damage for loss of earnings and income in the sum of $977.53, medical expenses in the sum of $604.35 and special property damages in the amount of $391.94. The appellant sets forth the following specifications of error:
"SPECIFICATION OF ERROR
"1. The trial Judge was in error in finding that the defendant, John J. Cheramie, was guilty of negligence proximately causing the accident.
"2. The trial Judge erred in failing to apply the rule of momentary forgetfulness.
"3. The trial Judge erred in holding that plaintiff could recover for mental anguish suffered by him because of the injuries sustained by defendant's daughter.
"4. The trial Judge erred in holding that a person can recover for mental anguish, worry, anxiety, and depression as a result of injuries to another where he is involved in an accident in which he could have suffered physical injury, but in fact, did not."
We will take the first two specifications of error up together because they are so closely connected.
The facts are undisputed that plaintiff and defendant approached each other at low speeds in their proper lanes of traffic. Plaintiff was traveling south along Louisiana Highway 1 driving his 1958 Buick nearing what is known as the Cut Off Bridge. The defendant was operating a 1960 Dodge sedan traveling in a northerly direction along said highway. As both *669 vehicles neared a point near the Cut Off Bridge defendant's young daughter, who was standing on the front seat beside him, fell asleep and started to fall. Defendant removed his right hand from the steering wheel to catch his daughter and keep her from falling, and his car veered to the left into plaintiff's lane of traffic and about two feet over the center line. The collision resulted therefrom.
It is the law of Louisiana that rules of the road require a person to operate his vehicle on the right side of the road. When he directs his attention to a passenger, or to anything else, and allows his vehicle to veer across the center line into the opposite lane of traffic he violates the rules of the road and it becomes his duty to point out justifiable circumstances which would excuse his conduct.
See Fullilove v. United States Casualty Company of New York, La.App., 129 So.2d 816; Bailey v. National Surety Corporation, La.App., 149 So.2d 669; Coody v. Nicholson, La.App., 142 So.2d 583. Defendant concedes the correctness of this rule of law but urges that the doctrine of momentary forgetfulness as a circumstance which relieves him from this law, and it is not negligence unless it amounts to a failure to exercise ordinary care for one's safety. He cites Gustine v. Big Chain Stores, La. App., 180 So. 852; Black v. American Mutual Liability Insurance Company, La.App., 37 So.2d 63; Crosby v. Brown Oil Tools, Inc., La.App., 92 So.2d 115. He further cites Lussan v. Green Dealers Mutual Insurance Company, 5 Cir., 280 F.2d 491.
In the three Louisiana cases cited the Court recognizes the "momentary forgetfulness" doctrine but refused to apply it to a plaintiff who is urging the rule to free himself of contributory negligence. There is no evidence in the record of any negligence on the part of plaintiff in this action. He was on the right hand side of the road and driving at a moderate rate of speed and had no reason to suspect the defendant was going to suddenly swerve into his lane of traffic. In the Federal case of Lussan v. Green Dealers Insurance Company, supra, while involving a Louisiana accident cites no Louisiana cases in support of its holding.
The Trial Judge in his written reasons for judgment held that "when one removes his attention from the operation of his vehicle to a passenger and in so doing the operator violates the rules of the road that the operator is negligent in so doing" and found the defendant negligent in the operation of his vehicle. The Lower Court further found that "we have rules of the road which provide for one to operate within a certain lane and this accident having occurred completely in the plaintiff's lane this Court finds that the defendant was negligent." With this finding of the Lower Court we are in accord.
The third specification deals with the right of the plaintiff to recover for mental anguish suffered by him because of the injury sustained by defendant's daughter. The facts show that when the plaintiff, after the accident approached the car he saw defendant's little girl with a bloody forehead and he developed this mental anxiety. He urged the defendant to take his daughter to a doctor but the defendant told him that the little girl was all right and not to worry. At this time plaintiff started crying and they took him to the clinic.
Plaintiff concedes that Mr. Duet suffered no physical injury in the accident and made no claim therefor. The only damages here is for mental anguish. Immediately after the accident plaintiff was not suffering from mental anguish. He did the normal thing of getting out of his car, going over to the other car presumably to see if any one was seriously injured. All through his statement of facts to the doctor, and his testimony in the record, is to the effect that the sight of the little girl bleeding caused his emotional upset and his subsequent nausea and stomach ailment.
*670 It is well settled in the law of Louisiana that one person can not recover damages for worry, anxiety, depression, mental anguish or other mental suffering as a result of injuries to the person of another. Black v. Carrollton Railroad Company, 10 La.Ann. 33; Brinkman v. St. Landry Cotton Oil Company, 118 La. 835, 43 So. 458; Sperier v. Ott, 116 La. 1087, 41 So. 323, 7 L.R.A.,N.S., 518; Underwood v. Gulf Refining Company, 128 La. 968, 55 So. 641; Pattison v. Gulf Bag Company, 116 La. 963, 41 So. 224; Knox v. Allen, 4 La.App. 223; Barrere v. Schuber, 5 La. App. 67; Alston v. Cooley, 5 La.App. 623; Sherwood v. Ticheli, 10 La.App. 280, 120 So. 107; Seligman v. Holladay, La.App., 154 So. 481; Davies v. Consolidated Underwriters, La.App., 14 So.2d 494; Hughes v. Gill, La.App., 41 So.2d 536; Covey v. Marquette Casualty Co., La.App., 84 So.2d 217; Honeycutt v. American General Insurance Co., La.App., 126 So.2d 789; Vinet v. Checker Cab Company, La.App., 140 So.2d 252; Johnston v. Fidelity National Bank of Baton Rouge, La.App., 152 So.2d 327; Mahaffey v. Official Detective Stories, Inc., 210 F.Supp. 251 (U.S.D.C., La.).
The appellee urges that while this may be true where he is directly involved in the accident and was in a position to receive personal injuries the rule is altered and he can recover damages for mental anxiety as a result of injury to the person of another. He claims damages for mental anxiety and suffering caused by traumatic neurosis. See Stewart v. Arkansas Southern R. R. Co., 112 La. 764, 36 So. 676; Laird v. Natchitoches Oil Mill, Inc., 10 La. App. 191, 120 So. 692; Klein v. Medical Building Realty Company, La.App., 147 So. 122; Holmes v. Le Cour Corporation, La.App., 99 So.2d 467; Clegg v. Hardware Mutual Casualty Company, 5 Cir., 264 F.2d 152 and Sahuc v. United States Fidelity and Guaranty Co., 5 Cir., 320 F.2d 18.
This line of authorities can be distinguished from the case at bar because the plaintiff was not upset by the accident as he repeatedly testified to the doctors and on the Stand that it was the sight of blood on the little girl's face which caused his nervous condition. The father testified that his little daughter had a scrape on the bridge of her nose which was not a serious injury. The fact that it was the sight of blood on the little girl and not any damage to himself which caused the plaintiff's nervousness is brought out by the fact that on December 19, following the accident, he was hit in the rear by an automobile which only made him angry and did not aggravate his depressed condition.
Under these circumstances we feel that the facts in this case preclude plaintiff from claiming any damages for a nervous condition because he was involved in the present accident.
For these reasons we feel that our Learned Brother below erred in awarding damages for mental anxiety and suffering and medical expenses. The only damages for which the plaintiff is entitled is $391.64 for his automobile about which there is no dispute.
With regard to the expert witnesses' fees these represent costs incurred in the trial and were properly taxed as costs.
For the foregoing reasons it is ordered that the judgment of the Lower Court be reversed insofar as it awards damages in the amount of $2500.00 for mental anguish and worry and $389.35 for special items of damages, namely, medical expenses, and judgment rendered in favor of the defendant rejecting these claims and that the judgment for damages to plaintiff's automobile in the amount of $391.64 plus the costs of court, including expert witness fees, be affirmed.
Reversed in part, and affirmed in part.