174 So.2d 895 (1965)
J. J. LAPLACE, Jr.
v.
Mildred E. MINKS and Hardware Dealers Mutual Fire Insurance Company.
No. 6308.
Court of Appeal of Louisiana, First Circuit.
April 12, 1965.
Rehearing Denied May 24, 1965.
Writ Refused July 2, 1965.
Edward N. Engolio, Plaquemine, for appellant.
John S. White, Jr., of Kennon, White & Odom, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LOTTINGER, Judge.
This is a suit in damages by the petitioner, J. J. Laplace, Jr., versus Mildred E. Minks and her liability insurer, Hardware Dealers Mutual Fire Insurance Company. The defendant filed an exception of no right or cause of action, which was maintained *896 by the Lower Court. The petitioner has taken an appeal.
Plaintiff alleges that on or about June 11, 1963, an automobile driven by Mildred E. Minks, the alleged insured of Hardware Dealers Mutual Fire Insurance Company, negligently struck his daughter, and that his daughter died within an hour thereafter.
The claim in the instant suit is not for wrongful death or personal injuries of the plaintiff's daughter, as those claims have been asserted by plaintiff in a separate suit still pending in the district court.
The claim in the instant suit is that plaintiff sustained a severe and disabling heart attack on the morning following the death of his child, and all of the damages itemized in the petition are for petitioner's alleged disability, loss of earning capacity and pain and suffering allegedly sustained by him when he learned of his daughter's accident and death.
Plaintiff's supplemental and amending petition alleges in part:
"* * * that the sight of his child in a horribly mutilated condition and the subsequent death of his child were of such a nature as to overwhelm plaintiff to such an extent as to render control of his physical being impossible and that this spectacle and sudden death caused plaintiff to sustain this acute posterior myocardial infraction (sic)."
The defendant filed a peremptory exception alleging that the petition states no right or cause of action, as the jurisprudence of this state is well established to the fact that one person cannot recover damages for worries and mental suffering as a result of injuries to the person of another. The Lower Court maintained the exception filed by defendant, hence this appeal by petitioner.
The petitioner cites Lynch v. Fisher, La.App., 34 So.2d 513 in support of his claim for damages. In this case the defendants parked a pulpwood truck on the highway without leaving a clearance on the pavement and without warning lights or flares. An automobile driven by Robert Joe Gunter struck the truck in the rear badly injuring both Mr. and Mrs. Gunter. The petitioner saw the collision and ran to the scene, opened the doors of the badly damaged Gunter car and removed both Mrs. Gunter and her husband from the automobile which had caught fire. Petitioner attempted to pull the floor mat out of the burning car to be used as a cushion for Mrs. Gunter's head as she lay upon the roadside, and, noticing a pistol on the floor of the car, handed the pistol to co-defendant, Mr. Gunter. Gunter, who was delirious and temporarily mentally deranged by reason of the accident, fired the pistol at plaintiff and inflicted serious injuries upon him. In this case the Court held that the negligence of the driver of the truck in wrongfully parking the truck on the highway, was the proximate cause of the wound to plaintiff, and awarded damages against the owner of the truck, saying:
"In our opinion the original act of negligence alleged upon is so inextricably interwoven with the subsequent occurrences involved that it cannot be disassociated from any of them. Nor can we consider, in the light of the authorities cited, the act of a temporarily insane or deranged person as being such a character of an independent, voluntary and responsible action as would stand alone as the proximate cause of plaintiff's injury." Lynch v. Fisher et al., La.App., 34 So.2d 519.
Of course, in the Lynch case the injuries to the petitioner were of a physical nature. Such is not the situation which is now before us. The damages sustained by petitioner was a result of shock and mental suffering.
There is a long line of cases commencing with Black v. Carrollton Railroad Company, 10 La.Ann. 33, which hold that *897 a parent cannot recover for shock and mental suffering to themselves which results from physical injuries of their child.
In Sperier v. Ott, 116 La. 1087, 41 So. 323, 7 L.R.A.,N.S., 518, the Court refused to allow damages for the death of a parent resulting from mental shock and distress on account of unlawful and malicious actions toward her children.
The jurisprudence regarding such actions was reviewed by this Court in Holland v. St. Paul Mercury Insurance Company, 135 So.2d 145, but was found inapposite to the peculiar facts of that case. In the Holland case the Court found that the defendant, Terminix Company breached a legal duty owed to the parents of a child who ate poison distributed by the defendant when the defendant could not advise the parents of an antidote for the poison. In this case, however, there was a contractual relationship between the parties, while there is none in the present case.
The jurisprudence reviewed by this Court in the Holland case established clearly that in the situation before this Court in the instant case, the law has not permitted recovery to one for his own physical disability, loss of earning capacity, or pain and suffering sustained by him as a result of either seeing the personal injuries of another, or learning of the death of another, against tortfeasors, who are responsible for the personal injury or death of the other. In the Holland case, quoting from Volume 18, A.L.R.2d Anno. Damages, Section 7, Pages 239-240:
"Doubtless, the unanimous view of the American courts against permitting recovery in cases of this kind is influenced by considerations of practical justice. For a motorist who clashes with another vehicle in a crowded city square to be faced with claims by a score of near-by women for shockexaggerated by stories of headache, nausea, loss of appetite, loss of weight, sleeplessness, night terrors, indigestion, and fear of going out on the streetwould be inconceivable. The more important claims would be those of persons with weak hearts or high blood pressure, or of pregnant women. To have such claims strengthened by testimony of fright at possible injury to others would but add to the difficulty. The evidence of damages in all such cases is usually subjective evidence of the most unreliable sort. The medical testimony is only as to what the plaintiff had if she had what she says she had, all evidence which the defendant has no possible way to meet. Doctors testify pro and con, giving opinions on bare hypotheses of cause and effect. In a case like that in Hambrook v. Stokes Bros. (Eng.) (1925) 1 K.B. 141-C.A. supra, § 3, who could possibly say with certainty that the plaintiff's later partial miscarriage was caused by fright at the time of the accident or by some other circumstance? The doctors would disagree on their medicine as widely as the judges would disagree on their law. The plaintiff's doctor would give his opinion that the partial miscarriage resulted from nervous shock; the defendant's doctor would testify that it could not have resulted from shock but required physical injury or torsion; just as in a blood-pressure case the plaintiff's doctor will testify that the hypertension came from the shock and the defendant's doctor will say that essential hypertension cannot be thus increased."
We find no error on the part of the Lower Court in maintaining the defendant's exception of no right or cause of action, therefore the judgment of the Lower Court will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.