381 So.2d 1246 (1979)
Mrs. Susan J. BRAUNINGER, Individually and as Natural Tutrix of the Estate of Her Minor Child, Chanda Marie Brauninger
v.
Perry J. DUCOTE, Sr., Mildred Ducote, Perry J. Ducote, Jr., and Old Reliable Fire Insurance Company.
No. 10412.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
Rehearing Denied April 18, 1980.
Montelepre & Montelepre, Philip Montelepre, New Orleans, for plaintiff/appellant.
Christovich & Kearney, C. Edgar Cloutier, New Orleans, for defendants/appellees.
Before LEMMON, GULOTTA and BEER, JJ.
GULOTTA, Judge.
Plaintiff appeals from a judgment maintaining "the exception of no right or cause of action."
In this personal injury suit, plaintiff, individually, and as tutrix of her five year old minor daughter alleges that defendants' seventeen year old son committed the crime of aggravated rape upon plaintiff's minor child. The original petition, directed against the parents of the seventeen year old boy alleges further that the defendants failed to exercise proper supervision, diligence and control over the activities of their son. According to the petition, plaintiff claims that as a result of the incident it became necessary for her to seek medical treatment for the child for which substantial expenses have been incurred. Damages are sought on behalf of the child for "mental trauma" suffered by the child.
Additionally, damages are sought for "mental anguish, emotional trauma and stress (past, present and future)" suffered by plaintiff individually. Also alleged by plaintiff is the fact that she and the defendants are neighbors and as a result of her *1247 criminal complaint against the defendants' minor son she has "suffered abusive telephone calls, verbal threats against her life and that of her child ..." She claims further that she has suffered damage to her home and personal property and has been the object of libelous statements, bribes and extortion in an attempt to persuade her to dismiss the criminal charges. Plaintiff also alleges "general emotional trauma."
The thrust of the no cause or right of action exception is that "mental anguish, emotional trauma and distress caused by injury to one's child are not compensable."
In brief, plaintiff recognizes the plethora of jurisprudence supporting the rule that claims for damages for mental anguish, emotional trauma and stress brought by persons who were not personally injured by the tort itself are not compensable.
Commencing with the case of Black v. Carrollton Railroad Co., 10 La.Ann. 33 (La.1855) and followed by Sperier v. Ott, 116 La. 1087, 41 So. 323 (La.1906), the Louisiana Supreme Court has not permitted recovery for emotional stress or mental suffering resulting from personal injuries sustained by another person. See also Brinkman v. St. Landry Cotton Oil Co., 118 La. 835, 43 So. 458 (La.1907); Kaufman v. Clark, 141 La. 316, 75 So. 65 (La.1917).
This Court reached the same results in Womack v. New Orleans Public Service Inc., 5 La.App. 71 (Orl.1926); Covey v. Marquette Casualty Co., 84 So.2d 217 (La.App.Orl.1956); Vinet v. Checker Cab Co., 140 So.2d 252 (La.App. 4th Cir. 1962), certiorari denied 1962; Sabatier v. Travelers Insurance Co., 184 So.2d 594 (La.App. 4th Cir. 1966); Robertson v. Aetna Casualty and Surety Co., 232 So.2d 829 (La.App. 4th Cir. 1970); Cambrice v. Fern Supply Co., Inc., 285 So.2d 863 (La.App. 4th Cir. 1973); and, Voelker v. Liberty Mutual Insurance Co., 190 So.2d 136 (La.App. 4th Cir. 1966).
Similarly our brothers on the First Circuit came to the same conclusion in the following cases. Honeycutt v. American General Insurance Co., 126 So.2d 789 (La.App. 1st Cir. 1961); Laplace v. Minks, 174 So.2d 895 (La.App. 1st Cir. 1965), writs refused, 248 La. 123, 176 So.2d 452 (1965); Duet v. Cheramie, 176 So.2d 667 (La.App. 1st Cir. 1965); Dudley v. State Farm Mutual Automobile Ins. Co., 255 So.2d 462 (La.App. 1st Cir. 1971); Newman v. City of Baton Rouge, 260 So.2d 52 (La.App. 1st Cir. 1972), writs denied, 261 La. 1064, 262 So.2d 43 (1972); Hickman v. Parish of East Baton Rouge, 314 So.2d 486 (La.App. 1st Cir. 1975), writs denied, 318 So.2d 59 (La.1975).
The same view was adopted by our brothers on the Second and Third Circuits. See Parker v. St. Paul Fire and Marine Ins. Co., 335 So.2d 725 (La.App. 2nd Cir. 1976), writs denied, 338 So.2d 700 (La.1976); Warr v. Kemp, 208 So.2d 570 (La.App. 3rd Cir. 1968); Bertrand v. State Farm Fire and Casualty Co., 333 So.2d 322 (La.App. 3rd Cir. 1976), writs denied in part, granted in part, 337 So.2d 875 (La.1976).[1]
Nevertheless, plaintiff's well briefed and convincing argument points out that the apparent views taken by our Louisiana Supreme Court in the earlier cases and on writ denials in later cases are wrong. Plaintiff calls to our attention the inconsistency in the jurisprudence which permits damages for emotional stress sustained where one's property is damaged[2] and denies recovery *1248 to a parent who has suffered emotional trauma when a child has sustained injury.[3]
In Cambrice v. Fern Supply Co., Inc., supra, we were compelled to reduce an amount awarded by a jury which included an award for a mother's mental anguish and distress resulting from physical injury to her son. While recognizing the long line of jurisprudence which disallowed compensation in those cases, this court stated:
"Thus apparently the Louisiana Law is that mental suffering from injury to one's property is compensable, and mental suffering from injury to one's child is not. Here, for example, the mother's grief over the bloodied and torn clothing of her son might be compensable, but her grief over his bloodied and torn leg is not. However, while this appears incongruous, the latest Supreme Court expression we find is its refusal of writs in Newman, supra, and we therefore refuse compensation for mental suffering for injury to one's child."
Indeed, the inconsistency in the historical position of our courts is difficult to logically explain. See Stone, Ferdinand F., "La. Tort Doctrine: Emotional Distress Occasioned by Another's Peril," 48 Tulane Law Review 782 (1974); Stone, Ferdinand F., La. Civil Law Treatise, "Tort Doctrine", Vol. 12, Sections 170-171, (1977). However, because of the denial of writ applications by the Louisiana Supreme Court in those cases where awards for mental anguish, or mental stress, or mental suffering have been held not to be compensable, we cannot disregard the Supreme Court's apparent signal. We use the word "apparent" because we have found no recent Supreme Court cases which have addressed the issue, except, inferentially, by the denial of writ applications.
Perhaps in an appropriate case the Supreme Court will reconsider the problem and either reaffirm the holdings in Black v. Carrollton Railroad Co., supra, and Sperier v. Ott, supra, or repudiate those cases and the long line of appellate decisions. It would appear that consistency would require either no recovery for emotional stress for one's property damage or for one's child, or recovery in both cases. We might add that it would be far easier to explain if our courts were to recognize damages for emotional stress resulting from injury to one's child but not to one's property, rather than the converse, as existing under the present state of our jurisprudence.
A further consideration might be whether or not a distinction might be made between intentional tort cases and negligence cases where emotional stress is suffered by a person arising out of injury to another.
Nevertheless, because a departure from the present state of our jurisprudence falls within the authority of our Supreme Court, we are compelled to affirm the trial court's judgment insofar as it maintains the exception of no cause of action to that part of plaintiff's petition which seeks damages individually for mental anguish, emotional trauma and stress resulting from the alleged act of aggravated rape inflicted upon her child.
However, as stated hereinabove, the petition filed by the mother as tutrix of the minor child additionally seeks expenses incurred on behalf of the child and damages for mental anguish, emotional trauma and stress suffered by the child as a result of the alleged rape. Plaintiff also seeks damages suffered by her individually resulting from abusive telephone calls, verbal threats against her life and that of the child's, damages to her property, libelous statements and attempted bribes and extortion. Clearly, these allegations of the petition *1249 state a cause of action by plaintiff individually and also state a cause of action by plaintiff as tutrix of the child.
Accordingly, the exception of no cause of action directed against that part of the claim asserted by plaintiff individually for threats, etc., allegedly received by her from the defendants, and as natural tutrix for mental anguish, emotional trauma and stress, (past, present and future) allegedly suffered by the minor child as a result of the alleged rape, and for the claimed medical expenses incurred on behalf of the child is overruled. The exception of no cause of action insofar as plaintiff's claim, individually, for mental anguish, emotional trauma and stress (past, present and future) allegedly sustained by her as a result of the incident, is maintained.
Consistent with the foregoing, the matter is remanded to the trial court for further proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, concurring and assigning reasons.
The principal argument against allowing damages for emotional distress caused by injury or peril inflicted upon another person is that many false claims will be presented to the courts. Nevertheless, this problem (like most legal problems) is one of where to draw the line, and the drawing of lines must be done rationally.
It is far more rational to compensate only the carefully scrutinized valid claims of tort-caused emotional distress than to deny compensation in all cases because some (or even most) claims are not valid. The difficulty of the problem does not warrant the unjustness of the present solution. Indeed, the present solution disregards the very essence of the judicial process.
Just as the courts have responded to the challenge of just adjudication of difficult claims of traumatic neuroses, the court should accept and meet the challenge of these difficult but often real claims of emotional damages.
In the present case the mother asserts that the existence and causation of her mental distress can be established by solid medical evidence. If existence and causation are proved, these damages appear to be reasonably contemplated as compensable by C.C. art. 2315. Nevertheless, reconsideration of prior decisions on the basis of questionable logic must be undertaken by the higher court which rendered the prior decisions.[1]
NOTES
[1] There have been a few departures from this long line of no recovery cases. In Valence v. Louisiana Power & Light Co., 50 So.2d 847 (La.App.Orl.1951) the Orleans Court of Appeal allowed recovery to parents for mental anguish as a result of injury to their unborn child when the pregnant mother was a passenger on a bus involved in an accident. See also the companion cases of Jordan v. Fidelity & Casualty Company of New York, 90 So.2d 529 (La.App. 2nd Cir. 1956) and Jordan v. Fidelity & Casualty Company of New York, 90 So.2d 531 (La.App. 2nd Cir. 1956). In Holland v. St. Paul Mercury Insurance Co., 135 So.2d 145 (La.App. 1st Cir. 1961) the First Circuit compensated parents for their mental anguish following consumption by their child of poison placed on the parents' premises by the defendant-exterminator. However, in this latter case the Court indicated that the recovery was based on a breach of contract theory.
[2] See McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21 (1944); Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955); Brown v. Crocker, 139 So.2d 779 (La.App. 2nd Cir. 1962); Belgarde v. City of Natchitoches, 156 So.2d 132 (La.App. 3rd Cir. 1963); Cooper v. Christensen, 212 So.2d 154 (La.App. 4th Cir. 1968), writs denied, 252 La. 894, 214 So.2d 718 (1968) and 252 La. 899, 214 So.2d 720 (1968) companion case; Jardell v. Sabine Irrigation Co., Inc., 346 So.2d 1365 (La.App. 3rd Cir. 1977); Hymel v. Tom Alexander Brokerage Co., 348 So.2d 104 (La.App. 4th Cir. 1977), writs denied, 350 So.2d 894 (La.1977).
[3] See Black, Sperier, Brinkman, Kaufman, Vinet, Voelker, Honeycutt, and Laplace, supra.
[1] Actually, the trial court should have overruled the exception on the established rule of law that an exception of no cause of action is properly overruled when the petition states a cause of action as to any portion of the demand. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).

the proper procedure is for the trial court, at the trial on the merits after the exception has been overruled, to exclude evidence pertaining to non-compensable items of damages. The evidence can then be presented by means of a proffer under C.C.P. art. 1636, and an appeal following the complete trial on the merits will allow all issues to be reviewed at one time, thus avoiding multiple trials of separate issues and multiple appeals.