391 So.2d 1274 (1980)
Paul WALDROP
v.
VISTRON CORPORATION.
No. 13618.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
*1275 Charles R. Moore and Edward J. Walters, Jr., Moore & Walters, Baton Rouge, for plaintiffs-appellants Paul Waldrop and Windolyn Waldrop.
Harry McCall, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendant-appellee E. I. Du Pont de Nemours & Co.
R. Gordon Kean, Jr., Sanders, Downing, Kean & Cazedessus, Baton Rouge, for defendant-appellee Uniroyal, Inc.
Allen R. Fontenot, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendant-appellee Monsanto Co.
Roger M. Fritchie, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendant-appellee American Cyanamid Co.
David W. Robinson, Watson Blanche, Wilson & Posner, Baton Rouge, for defendants-appellees Vistron Corporation and Standard Oil Company of Ohio.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Paul Waldrop and his wife, Windolyn Waldrop, brought suit against Vistron Corporation, American Cyanamid Company, E. I. Du Pont de Nemours and Company, Monsanto Company, Continental Insurance Company, The Standard Oil Company (of Ohio), Inc., Uniroyal, Inc., and eight individual defendants.
Plaintiffs alleged that Mr. Waldrop worked at Uniroyal's Baton Rouge plant from 1954 to June 20, 1978, and that while employed, he was continuously exposed to acrylonitrile, a known carcinogen. Plaintiffs, by amended petition, claimed that Uniroyal
"intentionally, knowingly and with willful, wanton and reckless disregard of plaintiff's safety,"
caused plaintiff to be exposed to unsafe levels of acrylonitrile. Due to this exposure, plaintiff allegedly contracted cancer of the colon, for which he underwent surgery and which has necessitated repeated hospitalization.
Paul Waldrop sought damages as follows:

a) Personal injury, including but
not limited to cancer of the
colon $3,000,000
b) Loss of life's normal pleasures
and shortening of his future
life expectancy 1,250,000
c) Loss of wages and impairment
of future earning capacity,
past and future 3,000,000
d) Pain and suffering, past and
future 1,500,000
e) Severe anxiety and mental anguish,
past and future, including
anxiety over the possibility
of recurring cancer;fear of
loss of life 1,500,000

*1276
f) Medical, hospital, doctor, pharmaceutical
expenses, past, present
and future, including travel
expenses for medical care 251,000
 ____________
 $ 10,501,000
Windolyn Waldrop itemized her damages
as follows:
a) Reasonable value of her services
in caring for plaintiff $200,000
b) Loss of the enjoyment of the
pleasures of a normal productive
married life 500,000
c) Mental anxiety and distress
over her husband's illness and
fear of loss of her husband's
life 500,000
d) Pecuniary loss incurred as a
result of being unable to continue
in her business ventures
because of being required to
care for her husband 500,000
 ___________
 $ 1,700,000

Uniroyal filed a peremptory exception of no cause of action on the ground that Mr. Waldrop's sole remedy, vis-á-vis Uniroyal, was workmen's compensation. The exception was maintained but plaintiffs were given an opportunity to file a fifth amending petition.
Plaintiffs' fifth amending petition named the Chemical Manufacturers Association, CMA, as an additional defendant. Uniroyal, Inc., is a member of the association and was sued as such.
To plaintiffs' amended petition, Uniroyal filed another exception of no cause of action. This exception was also maintained and the suit as to Uniroyal was dismissed with prejudice at plaintiffs' cost. Plaintiffs appeal.
To consolidate all issues in this matter as to Uniroyal, plaintiffs and Uniroyal have stipulated that the appeal will include appeals from both judgments maintaining Uniroyal's exceptions of no cause of action.
In addition to dismissing Mr. Waldrop's claims against Uniroyal, the trial court converted exceptions of no right of action filed on behalf of Monsanto, Du Pont and Uniroyal into a motion to strike and granted the motion to strike claims a), b) and c) of Windolyn Waldrop as to those defendants. Plaintiffs also appeal this decision.
Appellants urge that workmen's compensation is not plaintiffs' sole remedy against Uniroyal because Uniroyal intentionally harmed Waldrop with acrylonitrile by knowing of its dangerous quality, yet exposing him to it anyway.[1] On that ground, appellants claim, and we reject, a cause of action in tort.
Even if Uniroyal knew of acrylonitrile's dangerous propensities and even if Uniroyal failed to warn Waldrop of same, and even if Uniroyal caused Waldrop to, unknowingly, be exposed to the dangers of acrylonitrile, such conduct does not rise to the level of an intentional tort.
To constitute an intentional tort, the defendant must 1) have entertained a desire to bring about the result which followed and 2) have believed that the result was substantially certain to follow. Courtney v. BASF Wyandotte Corporation, 385 So.2d 391 (La.App. 1st Cir. 1980), writ refused 386 So.2d 359 (La.1980); Johnson v. Narcisse, *1277 373 So.2d 207 (La.App. 4th Cir. 1979); Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La.App. 1st Cir. 1978), writ denied 362 So.2d 578 (La.1978); Monk v. Viellon, 312 So.2d 377 (La.App. 3rd Cir. 1975).
Nothing in any of plaintiffs' petitions even begins to show that Uniroyal desired that plaintiff should contract cancer. Nor does the record provide a basis for finding that Uniroyal was substantially certain that Waldrop would, in fact, get cancer.
This case is remarkably similar to Courtney v. BASF Wyandotte Corporation, supra, where we held that
"the conditions of an employer's workplace, so long as they do not rise to the level of an intentional tort, are part of the employee's course of employment. As such, an injured employee's sole remedy is Workmen's Compensation."
This court will not redefine "intentional acts" so as to broaden its meaning. Nor will we remove the requirement of malice-that the tortfeasors actively have entertained a desire to bring about the result that followed. To do so would be to circumvent the legislative will and to erode jurisprudentially the immunity from tort currently granted employers under Louisiana's workmen's compensation statute.[2]
That the courts of other states may choose to act legislatively and erode employers' immunity from tort is clear. Mandolidis v. Elkins Industries, Inc., 246 S.E.2d 907 (W.Va.1978); Douglas v. E. & J. Gallo Winery, 69 Cal.App.3d 103, 137 Cal.Rptr. 797 (1977). We decline to follow and leave statutory change where it properly belongs, at the legislature.
Uniroyal as plaintiff's employer is immune from suit in tort. However, as a member of CMA, a separately named defendant responsible for its own acts and not immune from tort, Uniroyal is not immune and may be held responsible for its share of whatever damages for which CMA may be cast.
Mrs. Waldrop's claims for services in caring for her cancer-ridden husband, for loss of the pleasures of a normal married life and for mental anguish were stricken by the trial court.
It has long been held in Louisiana that one may not recover for mental suffering resulting from personal injuries, short of death, suffered by another. Black v. Carrollton Railroad Co., 10 La.Ann. 33 (1855); Brinkman v. St. Landry Cotton Oil Co., 118 La. 835, 43 So. 458 (1907); Robertson v. Aetna Casualty and Surety Company, 232 So.2d 829 (La.App. 4th Cir. 1970); Hickman v. Parish of East Baton Rouge, 314 So.2d 486 (La.App. 1st Cir. 1975), writ denied 318 So.2d 59 (La.1975); Bourque v. American Mutual Liability Insurance Company, 345 So.2d 237 (La.App. 3rd Cir. 1977); Branch v. Aetna Casualty & Surety Company, 370 So.2d 1270 (La.App. 3rd Cir. 1979), writ denied 374 So.2d 660 (La.1979). Branch held that even in light of Art. 1, Section 22 of the Louisiana Constitution of 1974,[3]
"the legislature and courts of this state have never at any time recognized the principle that every loss of a personal relationship, resulting from a delict, is compensable. The mutually exclusive categories of survivors set forth in the third paragraph of Article 2315 have been applied in cases too numerous to mention, excluding many who would otherwise have had valid claims. We do not feel that this constitutional provision can be construed so broadly as to defeat the sound policy implemented by those legislatively imposed limitations."(workmen's compensation limitations)
The inconsistencies and basic unfairness of this long line of jurisprudence were most *1278 recently examined by our brethren of the Fourth Circuit in Brauninger v. Ducote, 381 So.2d 1246 (La.App. 4th Cir. 1979). In scholarly fashion, Judge Gulotta reviewed the law and its faults and pointed up the need for change.
With all due respect for precedent, we believe the line of cases beginning with Black v. Carrollton Railroad Co. and ending with Brauninger v. Ducote, supra, to be wrong. This is particularly so in view of Art. 1, Section 22 of the Louisiana Constitution.
Mrs. Waldrop's life has been radically changed as a result of her husband's cancer. Her sex life has been affected due to his impotence. Her social life has been converted from a normal one to one filled with doctors, hospitals, operations, medication and recuperation. She must watch her husband, consumed by the ravages of cancer, as he awaits death.
An injury such as the one alleged by Paul Waldrop does not affect only himself. It manifestly shatters the life of both husband and wife. If ever a case made out a cause of action for mental anguish due to injury to a third person, it is this one.[4] Mrs. Waldrop should be permitted a cause of action in tort against all defendants not falling within the statutory immunity afforded employers under workmen's compensation.
Because of the long line of jurisprudence and because our Supreme Court has had many opportunities to change the law but has failed to do so, we reluctantly must reject Mrs. Waldrop's claims as not being recoverable under current Louisiana law.[5]
For the foregoing reasons, the judgment appealed from is affirmed insofar as it rejected Paul Waldrop's claims in tort versus Uniroyal, Inc. It is also affirmed insofar as Windolyn Waldrop's claims for services rendered, loss of pleasures of married life and mental anguish versus Uniroyal, Du Pont and Monsanto are concerned. The judgment dismissing Uniroyal as a defendant based on its membership in CMA is reversed. All costs are to await final determination on the merits.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] LSA-R.S. 23:1032 provides in part:

"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."
[2] To the extent Bazley v. Tortorich, 380 So.2d 727 (La.App. 4th Cir. 1980), writ granted 383 So.2d 1263 (La.1980), redefines "intentional," we note that the decision flies in the face of long established jurisprudence and decline to follow it.
[3] "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
[4] We do not maintain that Mrs. Waldrop's anguish is any greater than that of Mrs. Brauninger in Brauninger v. Ducote, supra, who suffered from the aggravated rape of her five year old daughter by the seventeen year old son of a neighbor. Both Mrs. Waldrop and Mrs. Brauninger should recover.
[5] The difficulty in determining who should recover for mental anguish due to injury to a third person should not be a basis for refusing recovery where it is just. We quote with approval from Justice (then Judge) Lemmon's concurrence in Brauninger.

"The principal argument against allowing damages for emotional distress caused by injury or peril inflicted upon another person is that many false claims will be presented to the courts. Nevertheless, this problem (like most legal problems) is one of where to draw the line, and drawing of lines must be done rationally.
It is far more rational to compensate only the carefully scrutinized valid claims of tort-caused emotional distress than to deny compensation in all cases because some (or even most) claims are not valid. The difficulty of the problem does not warrant the unjustness of the present solution. Indeed, the present solution disregards the very essence of the judicial process.
Just as the courts have responded to the challenge of just adjudication of difficult claims of traumatic neuroses, the court should accept and meet the challenge of these difficult but often real claims of emotional damages."
381 So.2d at 1249.