**Alfred O. LeCONTE, Jr. and Peter A. Engman, Plaintiffs-Appellants,**

**v.**

**PAN AMERICAN WORLD AIRWAYS, INC. and United States Aviation Underwriters, Incorporated, Defendants-Appellees.**

**No. 83–3717**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 5, 1984.

Patricia M. Franz, Wayne M. LeBlanc, Metairie, La., for plaintiffs-appellants.

Deutsch, Kerrigan & Stiles, Francis G. Weller, Darrell K. Cherry, New Orleans, La., for Pan Am, et al.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Law enforcement officers Alfred O. LeConte, Jr., and Peter A. Engman sued Pan American World Airways and its liability insurer, United States Aviation Underwriters, to recover damages for mental anguish suffered as a result of their presence at the scene of a devastating airliner crash. The district court granted summary judgment for the defendants. We affirm because Louisiana law prohibits a bystander from

recovering damages for mental anguish suffered because of another's injury or death.

## I

On July 9, 1982, a Pan Am commercial jetliner crashed in Kenner, Louisiana, shortly after departing New Orleans International Airport. One hundred and fifty-six persons died as a result. Pan Am does not contest liability for the accident in this action.

At the time of the crash, LeConte was a nine-year veteran of the Jefferson Parish Sheriff's Office, and Engman had served in that office for twenty-one years. LeConte is still on the force. Engman retired in 1983. Upon learning of the accident, LeConte and Engman rushed to the crash site and over the following two days performed various tasks there.

LeConte was off-duty at a bank when he learned of the crash. He called the sheriff's office and asked if his assistance was needed. He was told that all available officers should report to the scene. During the next twenty-seven hours, LeConte searched for survivors and assisted in placing bodies in bags. Engman was also off-duty on July 9. He was driving his car at a point only four blocks from the scene of the crash. He saw an eruption of smoke and flames and immediately called the sheriff's office on his radio to report what he initially believed to be a residential gas explosion. Seconds later, he learned that the jetliner had crashed. After briefly surveying the crash site, Engman went to a friend's house to call his office. Within minutes, he had gathered photographic supplies and set up operations in a nearby convenience store. He also assisted in photographing victims of the crash. Engman spent five hours at the crash site on July 9 and several hours there the following day.

LeConte and Engman sued Pan Am and United States Aviation for mental anguish as a result of performing their duties at the scene of the crash. Because they photographed or handled bodies of those who died in the crash, LeConte and Engman contend they suffered "severe nausea, vomiting, insomnia, nightmares, nervousness, and anxiety."

The defendants responded by filing a motion for a judgment on the pleadings and, in the alternative, a motion for summary judgment. The district court granted the motion for summary judgment. *See* Fed.R. Civ.P. 56.

We recently stated the purpose of summary judgment:

> Summary judgment is forbidden when there are genuine disputes concerning material facts. When, however, all of the facts are uncontroverted, and the issue is only the legal conclusion to be drawn from them, summary judgment fulfills its role: to provide quick legal decision without the delay and expense of trial.

*Trustees of Sabine Area Carpenters' Health & Welfare Fund v. Don Lightfoot Home Builder, Inc.*, 704 F.2d 822, 824 (5th Cir.1983). The material facts in this case are not disputed; the only contested question is whether the plaintiffs are legally entitled to recover damages from the defendants.

## II

As a federal court sitting in diversity, we are required to apply the law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Thus, Louisiana law controls the substantive rights of the parties in this case. The precise issue here is whether the plaintiffs may recover damages from the defendants for mental anguish suffered as a result of another's injuries. It is clear that Louisiana law prohibits such recovery. In *Blackwell v. Oser*, 436 So.2d 1293 (La.Ct.App.), *writ denied*, 442 So.2d 453 (La.1983), the court recently summarized Louisiana law:

> Since the decision of *Black v. Carrollton Railroad Co.*, 10 La.Ann. 33 (1855), the well established law of this State has refused to allow recovery for mental anguish suffered as the result of injury to another person. [Citations omitted.]

The *Black* rule has been strictly followed by the cases decided in our lower circuit courts. [Citations omitted.]

Louisiana law recognizes only two exceptions to the above principle. The first arises by the express provision of Louisiana's wrongful death statute, La.Civil Code Art. 2315. The second exception concerns those instances where the claimant's mental anguish is occasioned by the defendant's breach of a primary and independent legal or contractual duty which is owed directly to the aggrieved plaintiff.[1]

The latter exception thus imports a per se rule: no actor owes an independent duty to any person to avoid causing the mental anguish which often accompanies knowledge of another person's injury; if any suit to recover such damages is to be viable at all, it must be as a "parasite" to the breach of some other duty owed directly to the plaintiff.

436 So.2d at 1294 (footnotes omitted); *see also Tessier v. H.S. Anderson Trucking Co.*, 713 F.2d 135, 136 (5th Cir.1983); *Brauninger v. DuCote*, 381 So.2d 1246, 1247–48 (La.Ct.App.1979).[2] The *Blackwell* court further stated that Louisiana law has not adopted an exception applied in other jurisdictions that permits a bystander to recover for mental anguish when accompanied by objective physical symptoms. 436 So.2d at 1296 n. 4; *see, e.g., Corso v. Merrill*, 119 N.H. 647, 406 A.2d 300, 308 (1979). Thus, whether LeConte and Engman suffered bodily harm as a result of their men-

tal anguish is immaterial to prevailing on their claim.

LeConte and Engman do not attempt to distinguish the *Black-Blackwell* line of cases but instead rely on cases in which the plaintiffs' claims for mental anguish were based on their own peril. For example, in *Bass v. Nooney Co.*, 646 S.W.2d 765 (Mo.1983), which LeConte and Engman quote extensively, the plaintiff sought damages for emotional distress after being trapped in an elevator. She suffered no physical injuries as a result of her emotional distress. The Missouri Supreme Court surveyed the development of the "impact rule"[3] and concluded that it should be abandoned. Thus, in Missouri, a plaintiff may recover for mental anguish despite the absence of a contemporaneous physical injury. *Id.* at 772–73. But *Bass* reveals why the plaintiffs' reliance on it and similar cases is misplaced. The *Bass* court expressly distinguished the type of case presented by LeConte and Engman: "This opinion will not digress to discuss the extensive debate and differing rules which developed in the 'bystander' cases, where a plaintiff suffers mental or emotional distress upon observing death or injury to a third party caused by a defendant's negligence." *Id.* at 770 n. 3. The plaintiffs here are purely bystanders, and they were outside any zone of danger created by defendants' alleged negligence. Louisiana law clearly prohibits bystander recovery for mental anguish suffered as a result of another's injury or death.[4]

AFFIRMED.

---

1. LeConte and Engman do not argue that either of the two exceptions apply to their case.

2. The rule prohibiting recovery for mental anguish resulting from another's injuries has been criticized by the courts of appeal in Louisiana. *See, e.g., Waldrop v. Vistron Corp.*, 391 So.2d 1274, 1277–78 (La.Ct.App.), *writ denied*, 394 So.2d 281 (La.1980); *Brauninger v. DuCote*, 381 So.2d 1246, 1247–48 (La.Ct.App.1979). Despite the criticism, however, these courts have consistently reaffirmed the traditional rule. See the numerous cases cited in *Brauninger*, 381 So.2d at 1247.

3. The "impact rule" requires that a plaintiff sustain a contemporaneous physical injury to re-

cover damages for mental anguish. *See* W. Prosser, *The Law of Torts* § 54, at 331 (4th ed. 1971). Only a small minority of states still adhere to the "impact rule." *See id.* § 54, at 332. For an overview of the law of negligent infliction of emotional distress, see *Gnirk v. Ford Motor Co.*, 572 F.Supp. 1201, 1202 n. 3 (D.S.D.1983), and *Payton v. Abbott Labs*, 386 Mass. 540, 437 N.E.2d 171, 174–81 (1982).

4. LeConte and Engman also argue that the rescue doctrine allows them to recover damages. This doctrine provides that "one who is injured in reasonably undertaking to rescue a person in danger may not be charged with contributory negligence and thus may recover from the person whose negligence created the perilous situa-

tion." *Barger v. Charles Mach. Works, Inc.,* 658 F.2d 582, 587 (8th Cir.1981); *see Stevenson v. Delahaye,* 310 So.2d 651, 653 (La.Ct.App.1975). Assuming without deciding that LeConte and Engman come within the rescue doctrine, they would still be precluded from recovering damages under the facts of this case. The basis on which they seek to recover damages—mental anguish occasioned by another's peril—is not recognized in Louisiana.