Plaintiff seeks the recovery of damages against Joseph Miranne for the total sum of $425. He alleges that he suffered property damage in the amount of $75, being the full value of the truck owned and operated by him and which was totally demolished as a result of a collision with a car operated by the minor son of defendant. He also claims damages in the amount of $100 occasioned by the loss of its use and income derived from said truck. And lastly, he claims damages in the amount of $250 for mental anguish suffered by him as a result of the injuries sustained by his wife, Lettia Edwards, in the above-mentioned accident, making the total of $425.
This claim arises out of the same accident wherein we found the defendant Joseph Miranne liable in the opinion this day handed down in the case of Blanke v. Miranne, La.App., 11 So.2d 264. It only *Page 272 
remains to discuss the merits of plaintiff's claim for damages in this case.
The only testimony we find in the record relative to the item of property damage is that of plaintiff. Though his petition affirmatively avers that his truck, valued at $75, was completely demolished, plaintiff testified that the damage resulting from the accident consisted of a broken left front wheel, the left front fender pulled off, and the left running board, windshield and a small part of the truck body partly damaged. It is obvious that the specific damages so testified to, did not result in the truck being entirely demolished and unfit for further use, thereby entitling plaintiff to recover its full value.
Other than the testimony of plaintiff, as above related, the record is barren of any proof as to the value of the damages suffered. It is not shown that the truck was repaired, nor is there any testimony informing us of the cost necessary to replace the damaged parts. We must assume that having sued to recover the full value of the truck, no effort was made by plaintiff to repair or minimize the damages. We are unable to determine what was the value of the truck and since, as we have said, we have not been informed of the cost of necessary replacements, certainly we cannot indulge in speculation as to the cost of replacing the damaged parts. To permit recovery for property damage, there must be proof, to a legal certainty, justifying the award. This the plaintiff in this instance has utterly failed to do.
Plaintiff's claim for loss of use and income as a result of the destruction of his truck is equally without merit. We have searched the record in vain and fail to find one word of testimony in support of this claim. Obviously this claim must have been abandoned during the trial below.
The claim for mental anguish as a result of the injuries received by plaintiff's wife is also untenable. No testimony was presented on that score. The injuries suffered by plaintiff's wife were of a superficial nature, wholly insufficient to arouse any mental anxiety from which a defendant could be held answerable. We appreciate the fact that undoubtedly plaintiff experienced some measure of concern over the injuries suffered by his wife, a natural human impulse, but such a reaction, under the circumstances here presented, was clearly not sufficient in fact or law as to warrant an award of damages.
For the reasons assigned the judgment appealed from is affirmed at the cost of plaintiff.
Affirmed.