295 So.2d 516 (1974)
Margaret Lee Keen McKEY
v.
The DOW CHEMICAL CO, INC., et al.
No. 9834.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
*517 William Charles Bradley, Baker, for appellant.
John B. Noland and Boris F. Navratil, Baton Rouge, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment rejecting her claims for damages for mental anguish, emotional distress and loss of past and future consortium resulting from personal injuries sustained by Appellant's husband, Harry M. McKey, in an accident which occurred on August 12, 1972. The trial court sustained defendants' exceptions of no cause of action predicated upon jurisprudence which disallows recovery of such damages to a party based upon negligent injury to another. We affirm.
The named defendants are The Dow Chemical Company, Kenneth P. O'Bannion, Ben F. Browning and Mel Rabalais. Plaintiff's petition alleges her husband was injured while engaged in re-installing a large turbine at Dow's plant located in Iberville Parish. The accident and resulting injury is attributed to defendants' negligence. It is asserted that plaintiff's spouse sustained severe injuries, including severance of the bulbous urethra, requiring surgery to effect a supra-cystostomy and repair of the urethral severance. It is further alleged that because of the injuries sustained and associated deep depression and anxiety, plaintiff's spouse has been rendered incapable of having sexual relations with Appellant. Appellant prays for damages for loss of her husband's consortium, and also for her own personal anguish and distress over her mate's injuries.
An exception of no cause of action presents the general issue of whether plaintiff is entitled to any relief whatsoever under the factual allegations of the petition. Richmond v. Richmond, La.App., 229 So.2d 137; Jarreau v. Succession of Jarreau, La.App., 268 So.2d 101.
On trial of an exception of no cause of action, all well pleaded allegations in plaintiff's petition must be accepted as true. Leatherman, et al. v. Parish of East Baton Rouge, La.App., 275 So.2d 806; Jarreau v. Succession of Jarreau, above.
An exception of no cause of action may be sustained only when plaintiff is neither entitled to judgment in any amount nor states a cause of action on any ground whatsoever under the facts alleged. Leatherman, above; Jarreau v. Succession of Jarreau, above.
Traditionally and historically our jurisprudence has consistently declined to allow recovery to one party for mental pain and anguish resulting from mere personal injury to another. Sperier v. Ott, 116 La. 1087, 41 So. 323; Edwards v. Miranne, La.App., 11 So.2d 271; Covey v. Marquette Casualty Co., La.App., 84 So.2d 217; Holland v. St. Paul Mercury Ins. Co., La. App., 135 So.2d 145; Robertson v. Aetna Casualty & Surety Co., La.App., 232 So.2d 829.
Appellant concedes our jurisprudence is well established as above noted, but contends that recovery should be allowed in instances of this nature predicated upon the tort-feasor rendering an injured spouse incapable of fulfilling his conjugal obligations. It is argued that the marital relationship vests spouses with the mutual, inalienable right to the consortium of and conjugal relations with each other, and he who causes one spouse to breach the marital contract in this respect incurs liability to the other spouse.
In Holland v. St. Paul Mercury Ins. Co., above, we considered at length the *518 reasons why our jurisprudence has, except in death cases, consistently denied recovery for mental pain and anguish sustained by one person because of injury to another. We think the rationale of the jurisprudence, as set forth in Holland, above, equally applicable to Appellant's claim for the injured party's marital obligations to his spouse.
We deem it unnecessary to repeat in detail the underlying reasons for the above stated long standing jurisprudential rule. It suffices to state it is based in part on the practicality of justice which protects a tort-feasor from the unreasonable demands of myriads of claimants who sustain no personal injury as a result of the tort. The rationale of this premise is the avoidance of opening a field of litigation which will flood the courts with actions in which practical justice cannot be meted out to both plaintiff and defendant alike. Another basic premise of the rule is that, under such circumstances, there is no breach of a legal duty toward the party claiming damages.
To allow recovery of contractual losses to a party because of injury to another party to the agreement, which injuries prevent the second party from performing contractual obligations, would, in our judgment, open a field of litigation the effects of which defies our imagination. The full and practical result of such a rule is impossible to foresee or comprehend. For example, would an individual who has contracted for the services of an artist to paint his portrait be permitted to recover damages if the artist were negligently injured to the extent he could no longer paint? Would an employer be entitled to damages for losses resulting from deprivation of the services of an employee? Obviously such possibilities are illimitable.
We hold that these considerations dictate the rule that a party to a contract has no claim under our law to recover damages from a tort-feasor predicated upon the negligent injury to a third party which results in the injured party being rendered incapable of performing contractual obligations.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.