314 So.2d 486 (1975)
Winston HICKMAN, Individually, et al.
v.
The PARISH OF EAST BATON ROUGE et al.
No. 10226.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
Rehearing Denied June 30, 1975.
Writ Refused September 19, 1975.
*487 Wm. J. Guste, III, Roy F. Guste, James M. Colomb, Jr., and J. Harrison Henderson, New Orleans, for plaintiffs-appellants.
Wallace A. Hunter, Baton Rouge, for defendants-appellees Ross Cox and Ins. Co. of North America.
Joseph F. Keogh, Parish Atty., and Edward V. Fetzer, Asst. Parish Atty., Baton Rouge, for defendant-appellee Parish of East Baton Rouge.
Charles W. Franklin and Wm. H. Cooper, Baton Rouge, for defendant-appellee Barney Bozeman, Sr.
Ben F. Day, Baton Rouge, for defendant-appellee Klatex, Inc.
Edward F. Glusman and Aubrey L. Moore, Jr., Baton Rouge, for Employers' Surplus Line Ins. Co.
James R. Conway, III, Metairie, for defendant-appellee Charity Hospital of New Orleans, La.
Before LOTTINGER, COVINGTON and BAILES, JJ.
COVINGTON, Judge.
This action instituted by Winston Hickman, individually, as provisional curator of his wife, and as natural tutor of his minor children, seeks recovery of damages for the personal injuries sustained by himself and by his wife, and also recovery of damages for loss of services and loss of love and affection, and other elements of damage which might properly be characterized as loss of society, of their mother by the children.
It is alleged that the injuries to the husband and wife were sustained when the husband drove his automobile, during the early morning hours of May 30, 1970, into an unmarked drainage canal which was undergoing improvements under a public works contract let by the city-parish government. The pleadings show that Mr. and Mrs. Hickman were alone in the automobile at the time of the accident. The children, not being in the automobile, were not themselves physically injured, and they were not witnesses to the accident. The accident and the resulting injuries are attributed to the negligence of the defendants, the City of Baton Rouge, the Parish of East Baton Rouge, the contractors and their insurers, in failing to place preventive barricades and to give adequate warning of the hazardous condition existing in the area, which constituted a hidden trap to the motoring public.
The the claims on behalf of the minor children, an exception of no cause of action was filed. After hearing, the trial court sustained the exception, dismissing the demands of the minor children. It is from this judgment that the natural tutor of the minor children has appealed on their behalf.
As we read the delictual articles of the Civil Code, articles 2315-2324, the judgment of the trial court must be affirmed. The cause of action is accorded only to the victim of the offense during his life, is personal to him and is not shared by any other person, "however near may be that relation." See Black v. The Carrollton Railroad Company, 10 La.Ann. 33, 38 (1855). It is only when the victim dies that the survival action and wrongful *488 death action may be available to certain named beneficiaries. See Oppenheim, The Survival of Tort Actions and the Action for Wrongful Death, 16 Tul.L.R. 386 (1942).
Our view of the tort articles of the Code is substantiated by the long-standing jurisprudential rule that one person can not recover damages for mental anguish resulting from injury to another person; Black v. The Carrollton Railroad Company, supra; McKey v. Dow Chemical Co., Inc., La.App., 295 So.2d 516, 517 (1 Cir. 1974); 23 La.L.R. 290 (1963). Assuming, arguendo, that this is an archaic attitude, absent a contrary holding by our Supreme Court, we are bound by it.
The appellants urge that the trial court erred and they attempt to distinguish the sizeable line of cases, beginning with Black v. The Carrollton Railroad Company, supra, in which a father who witnessed his son being mutilated by one of the defendant's trains was denied recovery. To support their position the appellants rely primarily upon the cases of Valence, Jordan, Jiles and Holland.
We have carefully studied the cited cases. Although Valence v. Louisiana Power & Light Co., La.App., 50 So.2d 847 (Orl. 1951) and Jordan v. Fidelity & Casualty Company of New York, La.App., 90 So.2d 531 (2 Cir. 1956) do allow a husband to recover damages for mental anguish over fear that his wife would suffer a miscarriage, the cases are generally regarded as deviating from the firmly established jurisprudence. See Robertson v. Aetna Casualty and Surety Company, La.App., 232 So. 2d 829, 831 (4 Cir. 1970), and Warr v. Kemp, La.App., 208 So.2d 570, 572 (3 Cir. 1968).
Jiles v. Venus Community Center Benev. Mut. Aid Ass'n, 191 La. 803, 186 So. 342 (1939), a case in which recovery was allowed for breach of contract, is not applicable. The contract provided that the defendant would furnish doctors to its members, which included the plaintiffs. The facts show that defendant association failed to furnish a doctor's service to plaintiff's sick child when summoned. The Court held there was a breach of contract and defendant was liable for the mental anguish caused to the parents of the child.
Holland v. St. Paul Mercury Insurance Co., La.App., 135 So.2d 145 (1 Cir. 1961), noted in 23 La.L.Rev. 473 (1963), allows damages to the parents for mental anguish over their child's illness after eating rat poison left in their home by the exterminator pursuant to a contract. The facts show that when the parents contacted the exterminator to find out the ingredients of the poison so that the proper antidote might be administered, the exterminator did not know this information, thus causing mental anguish to the parents. The Holland court relied only on cases in which damages for mental anguish were awarded for breach of contract, and the basis for the Holland decision to award damages is contractual in nature. This is the conclusion which should be drawn from the Holland case, because there the Court acknowledges that the general rule in tort cases is that damages are not allowed for mental anguish due to injury to another person.
In Holland the Court said at page 158:
"We believe the foregoing views neither disturb nor deviate from the rule obtaining in this state (to which this Court continues to adhere) to the effect a plaintiff may not recover for mental pain and anguish occasioned by injury to another."
To the same effect is the case of Dudley v. State Farm Mutual Automobile Insurance Company, La.App., 255 So.2d 462, 467 (1 Cir. 1971).
Our view, expressed above, that one person has no cause of action in tort for damages to another person finds additional support in the cases of McKey v. Dow Chemical Co., Inc., supra, Robertson v. *489 Aetna Casualty and Surety Company, supra, and Sabatier v. Travelers Insurance Company, La.App., 184 So.2d 594, 595 (4 Cir. 1966).
In the McKey case we refused to allow a wife's claim for loss of consortium resulting from personal injury to her husband, dismissing her claim on an exception of no cause of action. We said at page 518:
"We think the rationale of the jurisprudence, as set forth in Holland, above, equally applicable to Appellant's claim for the injured party's marital obligations to his spouse.
"We deem it unnecessary to repeat in detail the underlying reasons for the above stated long standing jurisprudential rule. It suffices to state it is based in part on the practicality of justice which protects a tort-feasor from the unreasonable demands of myriads of claimants who sustain no personal injury as a result of the tort. The rationale of this premise is the avoidance of opening a field of litigation which will flood the courts with actions in which practical justice cannot be meted out to both plaintiff and defendant alike. Another basic premise of the rule is that, under such circumstances, there is no breach of a legal duty toward the party claiming damages."
In Robertson we refused to allow the brothers of an injured minor child to maintain an action for damages for mental anguish they suffered upon learning of their brother's injury. Other than the injured child, the brothers were not involved in the accident and did not witness it.
In the Sabatier case, which is analogous to the instant case, the Court denied a minor daughter recovery for mental anguish over the condition of her father who was injured in an automobile accident. The facts show that the father and daughter were involved in an automobile accident in which the daughter was not physically injured. Being a passenger, the daughter witnessed the accident and the condition of her father. The trial court's award of damages to the daughter for mental anguish over her father's physical condition was reversed on appeal.
The Court in Sabatier, said:
"In the absence of proof that she sustained physical injuries she is entitled to no recovery. Her apprehension about her father's condition would be no basis for a judgment. It is well established that one person cannot recover damages for worry and mental suffering as a result of injuries to another."
Accordingly, we think the rationale of the Holland, McKey and Sabatier cases is equally applicable for loss of society and loss of services of a mother by her minor children.
For the foregoing reasons, the judgment of the trial court, sustaining the exception of no cause of action, is affirmed at appellants' costs.
Affirmed.