345 So.2d 237 (1977)
Durphy BOURQUE and Lila Racca Bourque, Plaintiffs-Appellants,
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al., Defendants-Appellees.
No. 5891.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Rehearing Denied May 10, 1977.
Jean Pierre Lendais, Lafayette, for plaintiffs-appellants.
Mouton, Roy, Carmouche & Hailey by Ralph E. Kraft, Lafayette, for defendants-appellees.
Before HOOD, DOMENGEAUX and ROGERS, JJ.
HOOD, Judge.
Durphy Bourque and his wife, Mrs. Lila Racca Bourque, seek to recover damages allegedly sustained by them as the result of a motor vehicle collision. The defendants are Glen W. Pont, Lamb Industries, Inc., and American Mutual Liability Insurance Company. Defendants filed an exception of no cause of action to the petition or *238 demands of Mrs. Bourque. The trial court rendered judgment maintaining that exception and dismissing the suit and the claims of that plaintiff, with prejudice. Mrs. Bourque appealed.
The sole issue presented is whether a wife has a cause of action to recover damages for loss of consortium when her husband has been rendered impotent through the negligent acts of another.
Plaintiffs allege that on September 22, 1975, a collision occurred between an automobile owned and being operated by Mr. Bourque and a vehicle being driven by defendant Pont. They assert that Mr. Bourque sustained injuries in that accident, and that as a result of those injuries he has become impotent. There are no allegations that Mrs. Bourque was present when the vehicles collided, or that she sustained physical injuries resulting from that accident. As the sole basis for her demand for damages, the petition alleges:
"Petitioner LILY RACCA BOURQUE, wife of Durphy Bourque your petitioner, sustains a prejudice for the impotency of her husband which deprives her from any intimate relationship with her husband, which entitles her to damages in the amount of $50,000 for which defendant and their insurer are obligated."
Mrs. Bourque contends that the loss of her husband's consortium constitutes a loss or damage which is as real and personal to her as would be the loss of income or a disability. She claims that the damage was caused by the act of defendant Pont, and that she is entitled to recover damages from him under Article 2315 of the Louisiana Civil Code.
The established rule in this state is that, except in death cases, one person may not recover damages for mental pain and anguish suffered by him as the result of physical injuries sustained by another person. Black v. Carrollton Railroad Company, 10 La.Ann. 33 (1855); Robertson v. Aetna Casualty & Surety Company, 232 So.2d 829 (La.App. 4 Cir. 1970); McKey v. Dow Chemical Co., Inc., 295 So.2d 516 (La.App. 1 Cir. 1974); Hickman v. Parish of East Baton Rouge, 314 So.2d 486 (La.App. 1 Cir. 1975); Parker v. St. Paul Fire & Marine Insurance Co., 335 So.2d 725 (La.App. 2 Cir. 1976); Johnston v. Fidelity National Bank of Baton Rouge, 152 So.2d 327 (La.App. 1 Cir. 1963); Christofferson v. Halliburton Company, 5 Cir., 534 F.2d 1147 (1976).
The identical issue which is before us here was presented in McKey v. Dow Chemical Company, Inc., supra. There, as in the instant suit, the wife claimed damages for mental anguish, emotional distress and loss of consortium because of physical injuries sustained by her husband. The trial court maintained an exception of no cause of action filed by defendants and dismissed the suit. On appeal, the First Circuit Court of Appeal applied the above general rule and affirmed the district court judgment. The reviewing court said:
"Traditionally and historically our jurisprudence has consistently declined to allow recovery to one party for mental pain and anguish resulting from mere personal injury to another."
* * * * * *
"The rationale of this premise is the avoidance of opening a field of litigation which will flood the courts with actions in which practical justice cannot be meted out to both plaintiff and defendant alike. Another basic premise of the rule is that, under such circumstances, there is no breach of a legal duty toward the party claiming damages."
* * * * * *
"We hold that these considerations dictate the rule that a party to a contract has no claim under our law to recover damages from a tort-feasor predicated upon the negligent injury to a third party which results in the injured party being rendered incapable of performing contractual obligations."
The United States Court of Appeals, Fifth Circuit, stated in Christofferson v. Halliburton Company, supra, where a similar question was presented, that:

*239 "Indisputably the Court of Appeals of Louisiana has ruled that a wife does not have a cause of action in Louisiana for mental anguish, emotional distress, and loss of past and future consortium which resulted from injury to her husband."
* * * * * *
"In light of the reasoning of the court in McKey v. Dow Chemical Co., supra, however, we are not persuaded that the Supreme Court of Louisiana would allow a wife a cause of action for loss of consortium where her husband is injured by a third party."
In Hickman v. Parish of East Baton Rouge, supra, a claim was asserted in behalf of some minor children for damages for loss of services, and for loss of love and affection of their parents, resulting from physical injuries sustained by the parents in an automobile accident. The trial court maintained an exception of no cause of action and dismissed the suit. The First Circuit Court of Appeal affirmed, basing its decision largely on McKey, supra. And, in Parker v. St. Paul Fire & Marine Insurance Company, supra, substantially the same rule was applied and the demands of the husband were rejected by the Second Circuit Court of Appeal, where the husband sought to recover damages from a hospital for mental suffering and anguish brought about by injuries sustained by his wife through the fault of the hospital.
Plaintiffs rely to some extent on Holland v. St. Paul Mercury Insurance Company, 135 So.2d 145 (La.App. 1 Cir. 1961), and Valence v. Louisiana Power & Light Co., 50 So.2d 847 (La.App.Orl.1951), in each of which cases the claimant was allowed to recover damages for mental anguish because of physical injuries sustained by another person. We distinguish Holland, for the reasons assigned in the Robertson, Hickman and Parker cases, supra. We believe that the ruling in Valence conflicts with the established jurisprudence, and for that reason we respectfully decline to follow it.
Counsel for plaintiffs, in a scholarly brief, refers us to several French cases which interpret the French Code as authorizing the wife to recover under circumstances such as those presented here. The argument is persuasive since the pertinent part of LSA-C.C. art. 2315 had its origin in the French Code. Our courts have been fairly consistent, however, in interpreting the applicable articles of the Louisiana Civil Code as not allowing one person to recover damages for mental anguish because of physical injuries sustained by another person. The judgments rendered in the McKey, Hickman and Parker cases, supra, are more consistent with our understanding of the provisions and spirit of the above articles of the Louisiana Civil Code than are the views expressed by the cited French authorities. We thus prefer to follow the Louisiana jurisprudence.
We find no error in the judgment appealed from which maintains the exception of no cause of action and dismisses the petition or claims of Mrs. Bourque.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.