349 So.2d 486 (1977)
Booker T. McFARLAND et al., Plaintiffs-Appellants,
v.
Conrad CATHY et al., Defendants-Appellees.
No. 6117.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1977.
*487 James B. O'Neill, Zwolle, for plaintiffs-appellants.
Cook, Clark, Egan, Yancey & King by Sidney E. Cook, Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Bodenheimer, Jones, Klotz & Simmons by C. Gary Mitchell, Shreveport, Lowther & Boone by William R. Boone, Many, for defendants-appellees.
Before CULPEPPER, GUIDRY and FORET, JJ.
FORET, Judge.
As a result of an accident occurring on or about the 29th day of September, 1976, plaintiff, Booker T. McFarland, filed suit against Conrad Cathy and the Conrad Cathy Trucking Company, Inc., Aetna Casualty and Surety Co., Inc. and Edward B. Wright, and Willamette Industries, Inc. Plaintiff's petition alleges that he is a quadriplegic as a result of the said accident.
Additionally, plaintiff, Booker T. McFarland, filed suit on behalf of his minor children, Tera Antonia McFarland, Marius Taliaferro McFarland, and Ryan Horatio McFarland, alleging that his three minor children, because of injuries which he has sustained, "will be deprived of the benefits of a father who is healthy of body, a father who is active in civic and community events of their community . . . [and] that his minor children will be deprived of the enhancement of their inheritance due to the cessation of his earning capacity."
Booker T. McFarland's wife, petitioner Zelderia, born Palmer, alleges that "she will be deprived of all of the benefits of a husband of healthy body and of all of the attending benefits which flow therefrom. . . [and] that she will be deprived of the benefits of the enhancement of the value of the community of acquets and gains which she would have received from of [sic] husband, Booker T. McFarland, had these injuries not have happened."
All of the defendants filed exceptions of no cause or right of action to the demands made by plaintiff, Booker T. McFarland, on behalf of his three minor children, and to the demands of his wife, Zelderia Palmer McFarland. After oral argument on the exceptions, the trial court rendered judgment sustaining the exceptions of no cause or right of action filed by the various defendants, rejecting all the demands asserted by Zelderia Palmer McFarland, wife of Booker T. McFarland, and also those of the minor children of Booker T. McFarland, Tera Antonia McFarland, Marius Taliaferro McFarland and Ryan Horatio McFarland. We affirm.
The established rule in this State is that, except in death cases, one person may not recover damages for mental pain and anguish suffered by him merely as a result of physical injuries sustained by another person. Black v. Carrollton Railroad Company, 10 La.Ann. 33 (1855); Robertson v. Aetna Casualty & Surety Company, 232 So.2d 829 (La.App. 4 Cir. 1970); McKey v. Dow Chemical Co., Inc., 295 So.2d 516 (La. App. 1 Cir. 1974); Hickman v. Parish of East Baton Rouge, 314 So.2d 486 (La.App. 1 Cir. 1975); Parker v. St. Paul Fire & Marine Insurance Co., 335 So.2d 725 (La.App. 2 Cir. 1976); Johnston v. Fidelity National Bank of Baton Rouge, 152 So.2d 327 (La. App. 1 Cir. 1963); Christofferson v. Halliburton Company, 5 Cir., 534 F.2d 1147 (1976); Bourque v. American Mutual Liability Ins. Co., 345 So.2d 237 (La.App. 3 Cir. 1977). In Bourque v. American Mutual Liability Insurance Company, supra, this Court was faced with the issue of whether or not a wife could claim damages for mental anguish, emotional distress and loss of consortium because of physical injuries sustained by her husband. The trial court had maintained an exception of no cause of action and we affirmed, relying upon and discussing the cases cited in the preceding paragraph hereof. In quoting from McKey v. Dow Chemical Company, Inc., supra, we said:
"Traditionally and historically our jurisprudence has consistently declined to allow recovery to one party for mental pain and anguish resulting from mere personal injury to another.

*488 "The rationale of this premise is the avoidance of opening a field of litigation which will flood the courts with actions in which practical justice cannot be meted out to both plaintiff and defendant alike. Another basic premise of the rule is that, under such circumstances, there is no breach of a legal duty toward the party claiming damages.
"We hold that these considerations dictate the rule that a party to a contract has no claim under our law to recover damages from a tort-feasor predicated upon the negligent injury to a third party which results in the injured party being rendered incapable of performing contractual obligations."
In Hickman v. Parish of East Baton Rouge, supra, a claim was asserted on behalf of minor children for damages for loss of services, for loss of love and affection of their parents, resulting from physical injuries sustained by the parents in an automobile accident. The trial court maintained an exception of no cause of action and dismissed the suit. The First Circuit Court of Appeal affirmed, basing its decision largely on McKey, supra. In Parker v. St. Paul Fire & Marine Ins. Co., supra, substantially the same rule was applied, and the demands of a husband were rejected by the Second Circuit Court of Appeal, where the husband sought to recover damages from a hospital for mental suffering and anguish brought about by injuries sustained by his wife through the fault of the hospital.
Plaintiffs cite the case of Valence v. Louisiana Power & Light Company, 50 So.2d 847 where the Orleans Court of Appeal awarded $250.00 damages for mental anguish and worry on the part of a husband over the fear that his wife's unborn child had sustained injury and that there might be an abortion. For the reasons stated above, and as we stated in Bourque, we believe that the ruling in Valence conflicts with the established jurisprudence, and for that reason we respectfully decline to follow it.
The decision of the trial court in sustaining the exception of no cause of action filed by the various defendants is affirmed.
All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.