386 So.2d 131 (1980)
Janis LANHAM et al., Plaintiffs-Appellants,
v.
WOODWARD, WIGHT & COMPANY, LTD., et al., Defendants-Appellees.
No. 7654.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
Writ Refused September 26, 1980.
*132 Craven & Scott, Samuel H. Craven, Alexandria, for plaintiffs-appellants.
Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, for defendants-appellees.
Before GUIDRY, DOUCET and LABORDE, JJ.
GUIDRY, Judge.
In this suit, as a result of a non-fatal automobile accident between Janis Lanham and an employee of defendant, Woodward, Wight & Company, Ltd., plaintiffs, the husband and minor children of Janis Lanham, seek to recover damages for the following injuries and losses as alleged in paragraph 13 of plaintiffs' petition:

"1. Loss of affection, care, love
 and guidance of Janis
 Lanham ........................$100,000.00
 2. Future loss of affection, care,
 love and guidance of Janis
 Lanham ........................$100,000.00
 3. Shock, mental anxiety and
 distress ......................$100,000.00"

These are the only items of damage which are sought on behalf of the minor children of Janis Lanham. However, in addition to the damages set forth in paragraph 13, the husband, John H. Lanham, additionally asserts his right in paragraph 12 of the petition to recover for the following alleged damages and losses:

"1. Past medical expenses and
 other special damages .................$ 70,000.00
 2. Property damage ....................... 6,800.00
 3. Related costs, fees, expenses
 (including child care) ................ 75,100.00
 4. Future medical expenses and
 other special damages (this
 estimate is subject to adjustment) ... 1,300,000.00
 5. Loss of earnings (past) .............. 12,000.00
 6. Loss of future earnings .............. 350,000.00"

Defendants filed a pleading styled "Motion to Strike and Exceptions of No Cause *133 of Action and No Right of Action" (sometimes hereafter referred to as defendants' pleading) seeking dismissal of this action insofar as the demands set forth in paragraph 13 are concerned. After a hearing the trial court sustained defendants' "Motion to Strike and Exceptions of No Cause and No Right of Action" regarding the plaintiffs' claim for these damages. Accordingly on November 19, 1979 the trial court rendered judgment reading in pertinent part as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that the Motion to Strike and Exceptions of No Cause of Action and No Right of Action are hereby sustained, and there is judgment herein striking Paragraph 13, and all other allegations that specifically concern the type of damages sought in paragraph 13, from the petition in the above numbered and entitled cause, and dismissing the suit of John H. Lanham on behalf of his minor children, Deana Louise Lanham, Darlene Loraine Lanham and Donya Ann Lanham."
Plaintiffs bring this appeal from the trial court's decision. We affirm.
At the outset we observe that the judgment appealed from appears to reflect that it was the intention of the trial judge to sustain all objections set forth in defendants' pleading as to both the demand of the children and that of Mr. Lanham, individually. If this construction be placed upon the judgment in question the trial court judgment is in error. The proper procedural device to bring into question the right of the children to recover for the losses and damages alleged in paragraph 13 is the exception of no cause of action. This exception is used to test the legal sufficiency of the petition; the sole issue on trial thereof being whether the face of the petition presents a case which legally entitles the petitioner to the redress sought. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). However, insofar as John Lanham, individually, is concerned the exception of no cause of action is improper because as to him the exception would be a partial no cause of action which is not provided for in our law. Walker v. Western-Southern Life Ins. Co., 361 So.2d 892 (La. App. 2nd Cir. 1978), writ refused; Employers Mutual Liability Insurance Company of Wisconsin v. Red Simpson, Inc., 386 So.2d 961 (La.App. 3rd Cir. 1980). The proper procedural vehicle to question the sufficiency of the demand of John Lanham, individually, for the damages alleged in paragraph 13 is the motion to strike, LSA-C.C.P. Article 964, which motion was made in defendants' pleading. We therefore construe the judgment signed on November 19, 1979 to mean that the trial court sustained defendants' motion to strike with regard to John Lanham's individual claim asserted in paragraph 13 and sustained the exception of no cause of action as to the claim asserted by John Lanham on behalf of the minor children. We construe the trial court's judgment thusly in order to give procedural efficacy to a result which we perceive to be correct.
Our construction of the trial court judgment raises yet another procedural question, that is, the appealability of the judgment sustaining the motion to strike against John Lanham, individually. As regards John Lanham, the judgment sustaining the defendants' motion to strike is but an interlocutory judgment from which an appeal is unavailable absent a showing of irreparable injury. LSA-C.C.P. Articles 1841, 2083. See also Matte v. Continental Casualty Company, 185 So.2d 842 (La.App. 3rd Cir. 1966). However, since the issues involved on the appeal from the judgment by John Lanham on behalf of his children, which is a final judgment from which an appeal lies, are similar to those of the interlocutory judgment as it affects John Lanham individually, we pretermit the issue of irreparable injury, and will entertain the appeal by John Lanham in his individual capacity for the purpose of efficient judicial administration.
For purpose of this appeal we accept the pleaded facts as true and susceptible of proof. The following facts are alleged. On March 31, 1979, Janis Lanham was operating her vehicle on a four-lane highway in *134 Rapides Parish in a southerly direction. She was involved in a collision with a vehicle driven by Phillip Sims, an employee of defendant, Woodward, Wight & Company, Ltd. The latter is insured by defendant, United States Fidelity & Guaranty Company.
Janis Lanham was neither killed in the accident nor has she since died. Neither her husband, John H. Lanham, nor her minor children were in the accident nor near the scene of the accident.
The sole issue before us is whether the husband and children of Janis Lanham may maintain a cause of action for their loss of affection, care, loss and guidance of Janis Lanham or for their shock, mental anxiety and distress resulting from the injuring of Janis Lanham.
We recently addressed this issue in McFarland v. Cathy, 349 So.2d 486 (La.App. 3rd Cir. 1977). In that case we faced a fact situation similar to the one presently before us. The children and wife of Booker T. McFarland asserted a claim for their damages resulting from an accident which left Mr. McFarland a quadriplegic. Citing a long line of jurisprudence, we made the following observation:
"The established rule in this State is that, except in death cases, one person may not recover damages for mental pain and anguish suffered by him merely as a result of physical injuries sustained by another person."
In Bourque v. American Mutual Liability Ins. Co., 345 So.2d 237 (La.App. 3rd Cir. 1977), we also faced the issue of whether or not one spouse could claim damages for mental anguish and loss of consortium because of physical injuries sustained by her husband. In denying recovery we approvingly quoted from our brothers of the First Circuit who in McKey v. Dow Chemical Co., Inc., 295 So.2d 516 (La.App. 1st Cir. 1974) said:
"Traditionally and historically our jurisprudence has consistently declined to allow recovery to one party for mental pain and anguish resulting from mere personal injury to another."
* * * * * *
"The rationale of this premise is the avoidance of opening a field of litigation which will flood the courts with actions in which practical justice cannot be meted out to both plaintiff and defendant alike. Another basic premise of the rule is that, under such circumstances, there is no breach of a legal duty toward the party claiming damages."
* * * * * *
"We hold that these considerations dictate the rule that a party to a contract has no claim under our law to recover damages from a tort-feasor predicated upon the negligent injury to a third party which results in the injured party being rendered incapable of performing contractual obligations."
We recognize that a growing number of jurisdictions allow a recovery for loss of consortium. According to Rodriguez v. Bethlehem Steel Corporation, 12 Cal.3d 382, 115 Cal.Rptr. 765, 525 P.2d 669 (1974), the California decision which held that such a claim would be recognized in that state, thirty-one jurisdictions do recognize such a remedy. See also F. F. Stone, Louisiana Tort Doctrine: Emotional Distress Occasioned by Another's Peril, 48 Tulane L.Rev. 782 (1974), for an excellent discussion of this area and a criticism of Louisiana's no recovery position.
Despite the fact that our position appears to be a minority view and open to criticism, we believe it is the preferable position based on the public policy considerations discussed in McKey v. Dow Chemical Co., Inc., supra. It is a determination that the claimant is not within the ambit of the risk invaded by the tort-feasor's conduct and hence the defendant owed no duty to him. Further, considering the body of jurisprudence beginning with our Supreme Court's decision in Black v. Carrollton Railroad Company, 10 La.Ann. 33 (La.1855), to date, wherein the established rule is to deny such recovery as the plaintiffs seek in the instant suit, we are of the opinion that any change in this established rule, if there is to be a *135 change, should be instituted by our legislature.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiffs-appellants.
AFFIRMED.
LABORDE, Justice, dissenting.
I respectfully dissent. The majority relies upon a long line of jurisprudence to deny the existence of a cause of action as asserted by appellants. In two recent cases cited by the majority, McFarland v. Cathy, 349 So.2d 486 (La.App. 3rd Cir. 1977) and Bourque v. American Mutual Liability Ins. Co., 345 So.2d 237 (La.App. 3rd Cir. 1977), the court quoted approvingly from McKey v. Dow Chemical Co., Inc., 295 So.2d 516 (La.App. 1st Cir. 1974). The First Circuit, in McKey, summarized the rationale of the jurisprudence, saying:
It suffices to state it is based in part on the practicality of justice which protects a tort-feasor from the unreasonable demands of myriads of claimants who sustain no personal injury as a result of the tort. The rationale of this premise is the avoidance of opening a field of litigation which will flood the courts with actions in which practical justice cannot be meted out to both plaintiff and defendant alike. Another basic premise of the rule is that, under such circumstances, there is no breach of a legal duty toward the party claiming damages.
The First Circuit explained thoroughly the arguments against recovery in Holland v. St. Paul Mercury Ins. Co., 135 So.2d 145 (La.App. 1st Cir. 1961). The points are:
1. Practicality of administering justice where numerous unreasonable demands are made by witnesses to the tort who are not directly affected, and where determining the damages in reasonable cases would be difficult.
2. Lack of a legal duty owed to plaintiff by defendant.
3. Common law rule imposing liability for physical consequences but not for the responses of a person to sights and sounds.
The court therein agreed with the statement in 18 A.L.R.2d 239, Anno. Damages § 7 that the true explanation is the evolution of the common law rule referred to above. The court then proceeds to refute this point as well as the first two points. See Holland v. St. Paul Mercury Ins. Co., supra at p. 155.
The only issue to be addressed under their analysis is the existence of a legal duty owed by defendant to plaintiffs rather than to the injured person. I believe there is a duty. I see no distinction in the duty of defendant's employee to operate the truck so as not to harm plaintiffs by killing Mrs. Lanham and the duty of the defendant not to harm plaintiffs by injuring Mrs. Lanham.
The conduct of defendant's employee clearly caused plaintiffs' damages. The risk and harm encountered here is within the scope of the statutory duties involved herein just as much as the risk and harm of physical injury. I see no policy considerations which would imply that the risk of loss here should be borne by plaintiff instead of defendant. See Louisiana Civil Law Treatise Vol. 12, Tort Doctrine § 272 by Ferdinand F. Stone and cases cited therein.
The majority argues that Black v. Carrollton Railroad Company, 10 La.Ann. 33, 25 L.R.A. 28 (La.1855), is controlling and denies recovery. I disagree. First, factually Black involved damages for anxiety and shock whereas this case involves those elements as well as loss of love, affection and guidance, and the psychological impact on young children of seeing their mother a virtual vegetable. Second, the court in Black considered damages for anxiety and shock to be exemplary or punitive damages and therefore not allowable under Louisiana law. The court later said, "But it is now well settled that damages for mental anguish or suffering are actual rather than exemplary or punitary." McGee v. Yazoo & M. V. R. Co., 19 So.2d 21, 206 La. 121 (La.1944) citing Bourg v. Brownell-Drews Lumber Co., 45 So. 972, 120 La. 1009 (La. *136 1908) and Byrne & Co. v. Gardner & Co., 33 La.Ann. 6 (La.1881). Therefore the rationale, if not the holding, in Black has been impliedly overruled. Third, the majority opinion was signed by only two justices out of five. Therefore, we are not bound by the decision. Chaney v. Travelers Insurance Company, 249 So.2d 181, 259 La. 1 (1971).
Civil Code Art. 2315 provides for this cause of action. I see no alternative interpretation of the first paragraph.
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The second and third paragraphs clearly are operative only "on the death of the obligee" or "if the injured person dies." The language in the third paragraph that "(t)he survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased" does not create a new cause of action over and above any cause of action created by the first paragraph, but instead provides both for the damages sustained by the deceased and by the survivors. See Louisiana Civil Law Treatise Vol. 12, Tort Doctrine § 171 by Ferdinand F. Stone.
Therefore, I would reverse the trial court and remand this case so that plaintiffs could present evidence as to whether or not they had suffered any damages and to what extent.
I respectfully dissent.