393 So.2d 392 (1980)
Edison FLATEAU and Amy Flateau
v.
Dr. James A. THOM III et al.
No. 13869.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
William C. Dupont, of Dupont, Dupont, & Dupont, Plaquemine, for plaintiffs-appellants Edison Flateau and Amy Flateau.
F. W. Middleton, Jr., of Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-appellees Dr. James A. Thorn III et al.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Plaintiffs, Edison and Amy Flateau,[1] brought suit against Dr. James A. Thom, III, and others claiming that Dr. Thom had, without obtaining Amy Flateau's consent and over the objection of Edison Flateau, sterilized Amy Flateau via tubal ligation. Mrs. Flateau prayed for damages of $1,810,000 while her husband sought $690,000 for mental anguish and the inability to father children during the remainder of his marriage.
Following a jury trial and pursuant to its verdict, judgment was signed awarding $15,000 to Amy Flateau and rejecting the demands of Edison Flateau. All costs, including $950 in expert witness fees, were assessed against Dr. Thom.
Plaintiffs have appealed specifying that the jury erred in 1) awarding the inadequate sum of $15,000 to Mrs. Flateau and 2) failing to award damages to Mr. Flateau.
Plaintiffs urge that Mrs. Flateau was "pressured, coerced and humiliated ..... *393 without her legal, valid and competent informed consent, to be sterilized" by Dr. Thom. The record does not support this claim.
Mrs. Flateau, with Dr. Thom as her obstetrician, delivered her second child on September 5, 1975. The baby boy was normal save for a missing left forearm and hand.
Dr. Thom, just after the delivery, learned from a nurse that the Flateaus had previously been marijuana users. When Mr. Flateau approached him, shortly afterward, to find out why the child had a deformity, Dr. Thom explained that it was impossible to know for certain, but that he, Dr. Thom, had recently been reading that the use of drugs, including marijuana, had been implicated in the possible causation of abnormal births. Dr. Thom advised that, to prevent the possibility of future deformed children, the Flateaus might want to consider sterilization. The matter was then left with Mr. Flateau to discuss with his wife.
Dr. Thom called plaintiffs twice more on September 5. He discussed the matter briefly with Mrs. Flateau during one call and spoke to her husband during both. Sometime thereafter, plaintiffs advised Dr. Thom by telephone that the decision had been made for Mrs. Flateau to be sterilized. The operation was performed without complications on September 8, 1975.
Suit was instituted on September 7, 1976, just prior to the tolling of prescription.
At trial, Amy Flateau clearly testified that, prior to the birth of her second child, she knew tubal ligation would permanently prevent future children. She signed a permission slip for the operation knowing what she was going into surgery for. Her testimony reveals not that Dr. Thom ordered or pressured her to be sterilized but rather that his mention of her prior use of marijuana made her feel guilty. On redirect examination she testified that she wished she had asked more about the operation's irreversibility.
Dr. Thom testified that he told Edison Flateau regarding the operation that "really it's up to you to make the decision." Defendant's testimony shows great concern for plaintiffs' well-being rather than undue pressure. Defendant did admit that at no time did he have a full discussion with Amy Flateau about all material aspects of the operation and that he failed to follow hospital procedures requiring consultation with other physicians prior to sterilization.
The jury, by a nine to three vote, awarded Mrs. Flateau $15,000 in damages, presumably because Dr. Thom failed to discuss fully the matter with her. In view of her admitted knowledge and consent and the record as a whole, that verdict will not be disturbed. Steele v. St. Paul Fire and Marine Insurance Company, 371 So.2d 843 (La.App. 3rd Cir. 1979), cited by appellants as authority for a $50,000 award, is inapplicable. In Steele, a $50,000 award was made by the appellate court because the district court made no award. In the present case, the jury awarded $15,000. We do not have a basis to change that award because the jury did not clearly abuse its "much discretion." LSA-C.C. Art. 1934(3); Reck v. Stevens, 373 So.2d 498 (1979). See also Engolia v. Cumis Insurance Society, Inc., 383 So.2d 1055 (La.App. 1st Cir. 1980).
The jury rejected Edison Flateau's demands. While the facts do not support any award in his favor, we note that defense counsel has filed a peremptory exception of no cause of action in this court. The timeliness of this exception is not an issue. LSA-C.C.P. Art. 927.
As a matter of law, Edison Flateau has no cause of action for injury, short of death, to another person, whether that person be his wife, unlawfully sterilized, or any other person harmed in any other manner. Steele v. St. Paul Fire and Marine Insurance Company, supra; Bourque v. American Mutual Liability Insurance Company, 345 So.2d 237 (La.App. 3rd Cir. 1977); McKey v. Dow Chemical Co., Inc., 295 So.2d 516 (La.App. 1st Cir. 1974); Black v. Carrollton Railroad Co., 10 La.Ann. 33 (1855).
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this *394 appeal are to be paid by Edison Flateau and Amy Flateau.
AFFIRMED.
NOTES
[1] Suit was filed under the name Flateau. The correct spelling of plaintiffs' name is Flatau.