412 So.2d 147 (1982)
William G. YOUNG, et al.
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, et al.
No. 12604.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied April 16, 1982.
*148 Winifred M. Delery, New Orleans, for plaintiffs-appellees.
Timothy L. McCune, Ogden, Ogden & McCune, New Orleans, for defendants-appellants.
Before LOBRANO SCHOTT and AUGUSTINE, JJ.
LOBRANO, Judge.
The sole issue of this appeal is whether the trial judge abused his discretion in the damages awarded Rosaline N. Young and her husband William G. Young as a result of injuries Mrs. Young sustained in an automobile accident.
On March 14, 1978, Rosaline Young was driving her Ford Mustang in a northerly direction on Canal Boulevard. As she approached it's intersection with Amethyst Street, a South Central Bell truck driven by Terry Hardeman, proceeding on Amethyst across the Canal Boulevard neutral ground, failed to stop and collided with her. Her car was struck even though she attempted to avoid the accident by honking and swerving to the right. As a result thereof Mrs. Young sustained personal injuries and instituted these proceedings for damages. The trial of this matter took place on December 4, 1980, and the court rendered judgment as follows:

To Mrs. Young for pain,
 suffering, mental anguish,
 inconvenience, etc. $ 3,500.00
To Mrs. Young for loss of
 income 3,164.26
To the communitymedical
 expenses 2,097.00
To the communitydrugs, etc. 235.41
To the communitytransportation 98.00
To Mr. Youngtowing and
 storage of auto $ 75.00
To Mr. Youngloss of income 250.00
To Mr. Younginconveniences,
 mental pain loss of
 consortium 750.00
To Mr. Youngdeductible on
 loss of vehicle 100.00
 ___________
TOTAL $ 10,269.67
MEDICALS
Methodist Hospital $ 179.50
Methodist Hospital 77.50
Dr. Veca 694.50
Dr. Elmorshidy 40.00
Physical Therapy Clinic 1,071.00
Dr. Tedesco 35.00
 ___________
Total $ 2,097.00

South Central Bell and its driver, Terry Hardeman, perfects this appeal on the sole issue of quantum and raise the following issues:
a) The trial court should not have awarded medical expenses after July, 1978, the date which the court felt her injuries ceased;
b) The award for loss of income for one-half of the first semester of 1978-79 was improper;
c) The award of $750.00 to Mr. Young for inconvenience, mental pain and loss of consortium was improper;
Appellee answered this appeal seeking an increase in the award in accordance with Code of Civil Procedure Article 2133.
Personal Injury and Medical Expenses.
The trial judge in his written and oral reasons for judgment indicated that the award for pain and suffering was for the period up to July 1978, and that any pain experienced by Mrs. Young after that date was not as a result of the accident. He states on page 2 of his reasons for judgment as follows:
"The testimony of the treating physician, Dr. Kenneth Veca, as well as that of the examining physician, Dr. Essam Elmorshidy, convinces this Court that at the time of their last examinations, there were no objective symptoms of any pathology due to the trauma suffered by Mrs. Young. This does not necessarily mean that Mrs. Young did not experience pain after July *149 1978. She may be suffering even now. But not as a result of this accident. Dr. Elmorshidy's explanation, which was found to be logical, is that Mrs. Young may be suffering from an inflammation of the tissues, (bone, joint or muscle), due to age or other malady but not as a result of the trauma ..."
The record reflects that Mrs. Young was treated by Dr. Veca from the date of the accident, March 14, 1978, thru June 26, 1979. Her visits to his office were on March 14, March 22, April 4, April 20, May 5, May 19, June 22, August 31, and November 10 of 1978; and March 16 and June 26 of 1979. She was also examined by Dr. Elmorshidy on June 27 and July 18, 1978. Physical therapy was prescribed by Dr. Veca on April 20, 1978, and Mrs. Young continued same three times a week thru November 10, 1978. It is clear that after July of 1978 Mrs. Young's objective findings ceased, however she continued to experience pain and suffering. Our review of the record indicates that neither Dr. Veca nor Dr. Elmorshidy testified that said pain and suffering were not the result of the accident. Further, their testimony indicates that an injury of this type need not exhibit itself in objective findings at all stages, but may still cause pain and suffering over an extended period. Upon specific questioning as to possible reasons for this, Dr. Elmorshidy, testified as follows:
Q. "Assuming that we have an injury of this nature, not necessarily Mrs. Young's injuries, but an injury of this nature, would it be possible for that injury to persist for a longer period of time, in an area or two?"
A. "I believed I answered this question, however, I said, `in case of mild moderate soft tissue, it is unusual for it to be persistent, if it is complicated by inflammatory process in such people who are liable or prone to have inflammatory problems like inflammation, arthritis, some people are liable to have these problems and other people are susceptible to have flareups or inflammation caused by an injury. So, in this case of a mild, moderate injury this would be the only explanation, in the case of a severe injury that is a different story.'"
We are convinced that Mrs. Young's pain and suffering, even if manifested primarily by subjective symptoms, did continue past July of 1978. We also feel Dr. Elmorshidy's reasonings in this regard are convincing, and tend to agree that plaintiff's extended suffering could have been caused by aggravation of pre-existing conditions. Louisiana follows the rule that a tortfeasor takes his victim as he finds him, and is responsible in damages for the consequences of his tort although the damages so caused are greater because of a prior condition which may be aggravated. Reck v. Stevens, 373 So.2d 498 (La.1979).
We are well aware that the judgment of the trial court on damages for pain and suffering should not be disturbed unless manifestly erroneous. Reck v. Stevens, supra. However, in our opinion, the awards made by the trial court show an inconsistency which is obvious to all parties. The Court awards pain and suffering thru July of 1978, but yet awards medical expenses thru June of 1979, and lost wages for one-half of the first semester of the 1978-79 school term. This is precisely the type of error which we are mandated to rectify. We therefore award Mrs. Young pain and suffering through November 10, 1978 the date that her physical therapy terminated. We feel this is proper in light of Dr. Elmorshidy's testimony that the usual course of recovery for injuries of this nature is between a period of 6 to 9 months. Since Judge Ortique awarded $3,500.00 pain and suffering for the 4 month period March thru July, 1978, we will award an additional $3,500.00 for pain and suffering for the period from July 1978 thru November 1978.
This having been established we hold that the award of medical damages past November 10, 1978 was improper. The record reflects that Mrs. Young visited Dr. Veca twice after November 10, 1978, the fees for these visits totaling $50.00. The *150 award of medical damages must therefore be reduced by this $50.00.
LOSS OF WAGES:
A total of $3,164.26 was awarded Mrs. Young for her loss of income. In his oral reasons for judgment the trial judge specified that she was awarded the full difference between her normal and actual pay for 1977-78, or $1,988.31, but was only awarded one-half of the loss for one semester of 1978-79, or $1,175.96. (T 109, P-5)
Awards of damages for loss of wages up to date of trial can be calculated mathematically from the proof offered and thus does not fall within the "much discretion" rule. Edwards v. Sims, 294 So.2d 611 (4th Cir. 1974). To measure lost wages the amount earned by the injured party's replacement should be subtracted from the amount actually earned by the injured party during the same time period. In the instant case Mrs. Young requested and was granted a sabbatical for rest and recuperation for the 1978-79 school year. Having found her disability continued until November of the 1978 school year we hold that she should have been awarded the difference between what her replacement received for that one semester and what Mrs. Young received. Testimony at trial by Andrew Meibaum, payroll supervisor for the Orleans Parish School Board indicated, that this difference was $2,351.91. Thus Mrs. Young should have been awarded $1,988.31 plus the $2,351.91, for a total of $4,340.22.
Appellee asserts that the trial court erred in failing to award her $4,000.00 as loss from anticipated profit on an art course she planned to teach at her home during the summer of 1978. In view of the fact that Mrs. Young failed to introduce any evidence other than her own self-serving and speculative testimony in regard to this item for damage we must agree with the trial court's judgment in this respect.
Award to Mr. Young for inconvenience, mental pain, and loss of consortium.
The judgment of the trial court awarded $750.00 in damages to Mr. Young for inconvenience, mental pain and loss of consortium. Under Louisiana jurisprudence this award was clearly erroneous and must be reversed. The established rule in this State is that, except in death cases, one person may not recover damages for mental pain, anguish, or loss of consortium by him, suffered merely as a result of physical injuries sustained by another person. McFarland v. Cathy, 349 So.2d 486 (3rd Cir. 1977); Bourque v. American Mut. Liab. Ins. Co., 345 So.2d 237 (3rd Cir. 1977)
"The rationale of this premises is the avoidance of opening a field of litigation which will flood the courts with actions in which practical justice cannot be meted out to both plaintiff and defendant alike. Another basic premise of the rule is that, under such circumstances, there is no breach of a legal duty toward the party claiming damages." Bourque supra id p. 238
For the above and foregoing reasons the judgment of the trial court is affirmed in part, amended in part and reversed in part. We make the following award of damages:

To Mrs. Young for pain,
 suffering, mental anguish,
 inconvenience, etc. $ 7,000.00
To Mrs. Young for loss of
 income 4,340.22
To the communitymedical
 expenses 2,047.00
To the communitydrugs, etc. 235.41
To the
 communitytransportation 98.00
To Mr. Youngtowing and
 storage of auto 75.00
To Mr. Youngloss of income 250.00
To Mr. Youngdeductible on
 loss of vehicle 100.00
 __________
Total $14,145.63

REVERSED IN PART, AMENDED IN PART AND AFFIRMED AS AMENDED.