CUTRER, Judge.
This appeal presents the issue of whether a wife has a cause of action to recover damages for mental anguish, loss of consortium and embarrassment allegedly caused by injuries suffered by her husband.
James Mouton filed suit for damages resulting from injuries allegedly caused by the negligence of several defendants. Mouton’s wife intervened seeking damages for mental anguish, loss of consortium and embarrassment resulting from the husband’s injuries. The intervention named Armco, Inc., Ball Marketing, Inc., and Bituminous Insurance Company as defendants.
The trial court dismissed the wife’s inter-véntion by granting a motion for summary judgment, filed by Armco, Inc., and sustaining exceptions of no cause of action filed by Ball Marketing and Bituminous. The trial court rendered separate judgments in its rulings on the motion and exception. The wife appeals. We affirm.
The issue presented herein was put to rest in the recent case of Lanham v. Woodward, Wight & Co., Ltd., 386 So.2d 131, 134 (La.App. 3rd Cir. 1980), writ den., 392 So.2d 668 (La.1980), where this court held as follows:

“We recently addressed this issue in McFarland v. Cathy, 349 So.2d 486 (La.App. 3rd Cir. 1977). In that case we faced a fact situation similar to the one presently before us. The children and wife of Booker T. McFarland asserted a claim for their damages resulting from an accident which left Mr. McFarland a quadriplegic. Citing a long line of jurisprudence, we made the following observation:

‘The established rule in this State is that, except in death cases, one person may not recover damages for mental pain and anguish suffered by him merely as a result of physical injuries sustained by another person. ’

“In Bourque v. American Mutual Liability Ins. Co., 345 So.2d 237 (La.App. 3rd Cir. 1977), we also faced the issue of whether or not one spouse could claim damages for mental anguish and loss of 
*890
consortium because of physical injuries sustained by her husband. In denying recovery we approvingly quoted from our brothers of the First Circuit who in McKey v. Dow Chemical Co., Inc., 295 So.2d 516 (La.App. 1st Cir. 1974) said:

‘Traditionally and historically our jurisprudence has consistently declined to allow recovery to one party for mental pain and anguish resulting from mere personal injury to another.

% * * * * *

‘The rationale of this premise is the avoidance of opening a field of litigation which will flood the courts with actions in which practical justice cannot be meted out to both plaintiff and defendant alike. Another basic premise of the rule is that, under such circumstances, there is no breach of a legal duty toward the party claiming damages.’

* * * ft
Intervenor contends that Louisiana’s position should be changed as it is in a minority in its view. This argument was also answered in Lanham as follows:
“We recognize that a growing number of jurisdictions allow a recovery for loss of consortium. According to Rodriguez v. Bethlehem Steel Corporation, 12 Cal.3d 382, 115 Cal.Rptr. 765, 525 P.2d 669 (1974), the California decision which held that such a claim would be recognized in that state, thirty-one jurisdictions do recognize such a remedy. See also F. F. Stone, Louisiana Tort Doctrine: Emotional Distress Occasioned by Another’s Peril, 48 Tulane L.Rev. 782 (1974), for an excellent discussion of this area and a criticism of Louisiana’s no recovery position.

“Despite the fact that our position appears to be a minority view and open to criticism, we believe it is the preferable position based on the public policy consideration discussed in McKey v. Dow Chemical Co., Inc., supra. It is a determination that the claimant is not within the ambit of the risk invaded by the tort-feasor’s conduct and hence the defendant owed no duty to him. Further, considering the body of jurisprudence beginning with our Supreme Court’s decision in Black v. Car-rollton Railroad Company, 10 La.Ann. 33 (La.1855), to date, wherein the established rule is to deny such recovery as the plaintiffs seek in the instant suit, we are of the opinion that any change in this established rule, if there is to be a change, should be instituted by our legislature.”

Under these well established principles, the trial court, in the case at hand, correctly dismissed the wife’s intervention.
For the foregoing reasons, the judgments of the trial court are affirmed. All costs of this appeal shall be paid by intervenor-ap-pellant.
AFFIRMED.