CUTRER, Judge.
This appeal presents the issue of whether a wife has a cause of action to recover damages for mental anguish, loss of consortium and embarrassment allegedly caused by injuries suffered by her husband.
James Mouton filed suit for damages resulting from injuries allegedly caused by the negligence of several defendants. Mouton’s wife intervened seeking damages for mental anguish, loss of consortium and embarrassment resulting from the husband’s injuries. The defendants in the intervention included National Union Fire Insurance Company and Jack Wade Drilling, Inc.
The trial court dismissed the wife’s intervention by an exception of no cause of action filed by National Union Fire Insurance Company. The trial court also dismissed the intervention by granting a motion for summary judgment filed by Jack Wade Drilling, Inc. The wife appeals from these two judgments.
This is the second appeal arising out of this same suit. The first appeal [James E. Mouton, et al. v. Armco, Inc., et al., 417 So.2d 889 (La.App. 3rd Cir.1982)], presented the identical issue as is presented in this appeal. In Number 8840 the trial court had dismissed the wife’s intervention as against three other defendants, Armco, Inc., Ball Marketing, Inc. and Bituminous Insurance Company. This court affirmed the judgment of the trial court in Number 8840 by opinion rendered on July 21, 1982.
Since the issues in this appeal and in Number 8840 are identical, we shall affirm the trial court judgments herein for the reasons set forth in Number 8840.[1]
For the reasons set forth in James E. Mouton, et al. v. Armco, Inc., et al., 417 So.2d 889 (La.App. 3rd Cir.1982), our docket number 8840, the judgments of the trial court are affirmed. All costs of this appeal shall be paid by the intervenor-appellant.
AFFIRMED.

. We note that La.C.C. art. 2315 was amended by Act 202 of 1982 which added the following language:
“Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons
who would have had a cause of action for wrongful death of an injured person.”
We point this out for reference only, as the cause of action in the case at hand arose long prior to the recent amendment.