487 So.2d 525 (1986)
Alice Marie COOKMEYER
v.
Thomas Paul LANGSTON and Zurich Insurance Company.
No. CA-4570.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Michael Patrick Regan, Metairie, for plaintiff.
Thomas L. Gaudry, Jr., Windhorst, Pastorek & Gaudry, Harvey, for defendants.
Before GULOTTA, SCHOTT and BARRY, JJ.
GULOTTA, Judge.
In this personal injury suit, defendants appeal on quantum only from a $54,186.00 jury award to a plaintiff with soft tissue *526 injuries. We conclude the award is excessive and reduce it to $26,982.00.
On July 22, 1983, 20 year old Alice Marie Cookmeyer suffered a sprain of her right foot, lumbosacral strain, and soft tissue injuries to her chest, right arm, and shoulder after falling ten feet from a collapsed porch. Following emergency outpatient treatment, she consulted a general surgeon on July 25, and received conservative care, including hospitalization for eight days in August when she was treated with traction and heating pads for low back pain.
According to plaintiff, the soreness in her right shoulder lasted for a week or two after the accident, her right foot pain remained from three and one-half to four months, but her low back and intermittent numbness in her right leg have persisted.
Plaintiff's treating physician recommended that she return to work on September 4, 1983. From September through November, 1983, and again from April through September, 1984, plaintiff worked part-time as a waitress. On September 30, 1984, however, she reinjured her back in a rear end auto collision and has not returned to work since that time.
The medical testimony uniformly indicated that plaintiff has suffered a lumbosacral strain, characterized as soft tissue injury, without any nerve damage, disc problems, or residual disability, and is capable of returning to work.[1]
In its verdict in favor of the plaintiff, the jury itemized the following amounts of damage:

 Past Lost Wages $13,706.00
 Future Lost Wages 8,320.00
 Past Medical Expenses 248.00
 Future Medical Expenses 1,912.00
 Disfigurement None
 Physical Pain & Suffering 20,000.00
 Mental Anguish & Anxiety 10,000.00
 __________
 TOTAL $54,186.00

We consider each item of damage individually.
Past Lost Wages
Awards for damages for loss of wages up to the date of trial can be calculated mathematically from the proof offered and do not fall within the "much discretion" rule. Edwards v. Sims, 294 So.2d 611 (La.App. 4th Cir.1974); Young v. South Central Bell Tel.Co., 412 So.2d 147 (La.App. 4th Cir.1982).
Although plaintiff testified that she has been unable to return full-time to her previous job in a donut shop since the July 22, 1983 accident, she did work part-time as a waitress for nine months in September through November, 1983 and in April through September, 1984. A medical examination on September 27, 1984, shortly before her September 30 auto accident, indicated that she had no objective symptoms of back injury and could work except for intermittent difficulties. After several weeks' aggravation from the rear-end collision, plaintiff regained her prior degree of recovery evidenced in the September 27 examination.
Considering the evidence, we conclude that plaintiff is entitled to past lost wages at the rate of $4.00 per hour for the forty hours per week she would have worked at her former job at the donut shop, i.e. at the rate $160.00 per week, for the 62 week period from the date of the porch accident on July 22, 1983 until the date of the automobile accident on September 30, 1984. The total gross past lost wages for this period amounts to $9,920.00. Because plaintiff worked part-time for 36 weeks during this period, however, her part-time earnings at a restaurant at the rate of $87.50 per week ($3.50 per hour for 25 hours per week) in the total amount of $3,150.00 is offset from this gross amount. Plaintiff further testified that she had worked briefly at another restaurant in January, 1984 and earned $36.00 in wages. Deducting the total part time earnings of *527 $3,186.00 from the $9,920.00 gross figure, therefore, we calculate plaintiff's past lost wages for the relevant time period in the amount of $6,734.00.
Accordingly, we reduce the jury's award for past lost wages from the sum of $13,706.00 to the sum of $6,734.00.
Future Lost Wages
We further conclude that the jury's award of $8,320.00 for future lost wages is unsupported by the record and constitutes an abuse of the jury's discretion.
To receive an award for future loss of wages, a claimant must present medical evidence at least indicating that there could be a residual disability causally related to the accident. Mere evidence of discomfort is insufficient to support such an award. Bize v. Boyer, 408 So.2d 1309 (La.1982); Hall v. Louisiana Coca-Cola Bottling, 444 So.2d 747 (La.App. 4th Cir.1984), writ denied 446 So.2d 1222 (La.1984).
In the instant case, plaintiff has failed to prove a disability. The treating and evaluating physicians were unanimous in the opinion that plaintiff has suffered no residual disability from the accident and is capable of returning to gainful employment. Under these circumstances she is not entitled to any award for future loss of earnings. Accordingly, we delete this aspect of the jury's award.
Future Medical Expenses
Although the $248.00 amount of past medical expenses is not in dispute, defendants argue that the $1,912.00 award for future medical expenses has no basis in the evidence.[2] We agree.
Plaintiff's physicians have discharged her. Although plaintiff testified that she expects to take pain prescription medication and muscle relaxers indefinitely and would seek further medical treatment if she could afford it, the medical testimony failed to indicate that she will require future surgery or regular medical care. In the absence of medical testimony to support plaintiff's claim, we conclude the jury's award for future medical expenses constitutes an abuse of its discretion. We delete this award.
Physical Pain & Suffering; Mental Anguish & Anxiety
The jury awarded $30,000.00 in general damages ($20,000 for physical pain and suffering and $10,000 for mental anguish and anxiety). Considering the nature of the injuries and their effect on the plaintiff, we conclude the jury likewise abused its discretion in awarding this amount.
The medical testimony establishes that plaintiff has suffered soft tissue injuries that resolved shortly after the accident without any residual disability, except for plaintiff's subjective complaints of pain. According to Dr. Robert A. Fleming, an orthopedist, on September 27, 1984, some fourteen months' post-accident, plaintiff had no objective symptoms of back injury. Although she reinjured her back in an unrelated September 30, 1984 automobile accident, any complaints of back pain were related to the later September auto accident and not from the porch accident which is the subject of this suit. Moreover, her treating physician testified that on January 8, 1985, approximately nine weeks after the auto accident, plaintiff's examination was normal except for her subjective complaints of low back pain. The upper range for general damage awards for such injuries is something less than $10,000.00.
Nonetheless, we recognize that plaintiff testified at length concerning her pain which has limited her previously active lifestyle to the extent that she can no longer play with her young child, perform all her household chores, or participate in social and athletic activities. Plaintiff stated that she has contemplated suicide.
Because we recognize the jury probably believed that plaintiff continued to suffer discomfort, we conclude that $20,000.00 is the highest amount reasonably within the *528 jury's discretion for general damage for plaintiff's physical pain and suffering and mental anguish and anxiety, despite the medical testimony indicating that she has suffered only minor injuries. See Porrovecchio v. Salathe Oil Co., 420 So.2d 988 (La.App. 4th Cir.1982).

DECREE
Accordingly, we reduce the judgment in favor of plaintiff and against defendants, Thomas Paul Langston and Zurich Insurance Company, from the sum of $54,186.00 to the sum of $26,982.00. In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] The physicians who testified at trial or in depositions introduced into evidence were: Dr. Azhur Azhar (a general surgeon). Dr. Carl F. Culicchia (a neurosurgeon), Dr. Gustavo A. Gutnisky (a neurosurgeon), Dr. Robert A. Fleming (an orthopedist), and Dr. Robert L. Applebaum (a neurosurgeon).
[2] At the time of trial, the defendant insurer had already paid past medical bills in the stipulated amount of $3,334.69.